WIGGINTON, Judge.
This Court’s Per Curiam Affirmance opinion filed December 9, 1986, is withdrawn. The following opinion is substituted therefor.
In a prior appeal, this Court reversed appellant’s sentence on the basis that all but one of the trial court’s reasons for departure were either impermissibly considered or not clear and convincing, or both. Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984). At the same time, this Court certified a question as being one of great public importance to the supreme court addressing the issue of whether an appellate court could examine the other reasons given by the sentencing court to determine if those reasons justify departure from the guidelines, or whether it should remand the case for resentencing. The supreme court answered the question and approved this Court’s decision to reverse the sentence and remand the case for resentencing. State v. Young, 476 So.2d 161 (Fla.1985).
On remand, the trial court resentenced appellant to three years for a second degree felony, and to thirty months for each of eleven third degree felonies, with all sentences to run consecutively to each other, for a total term of thirty and one-half years.[1] A guidelines scoresheet was prepared for each offense, the court giving the following written statement as his basis for going outside the guidelines on each score-sheet:
The court gives as its reasons for going outside the guidelines in the above-styled cases and it is affirmed by the First District Court of Appeal, that the defendant herein is an immoral person, a career *1361 criminal, and should be segregated from society for as long as possible.[2]
In challenging his sentence, appellant raises two points, the first questioning the trial court’s utilization of scoresheets for every offense, and the second citing error in the court’s deviating from the guidelines without giving a clear and convincing reason for doing so. As to the first point, we agree with the appellant that the trial court erred in utilizing twelve score-sheets. This Court held in Antunovich v. State, 491 So.2d 328 (Fla. 1st DCA 1986):
Rule 3.701(d)(1), Fla.R.Crim.P., provides that only one scoresheet shall be prepared for each defendant covering all offenses pending before the trial court for sentencing. Rule 3.701(d)(3) indicates which single scoresheet is the correct one to be used.
Accordingly, it was error for appellant to receive twelve sentences under twelve separate scoresheets, and we reverse and remand for resentencing in line with the scoresheet recommending the most severe sanction. Fla.R.Crim.P. 3.701(d)(3).
We also find erroneous the trial court’s reason for departure. Appellant argues that the court’s reason is not supported by any evidence and consists solely of a subjective evaluation, Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979), observing that every criminal defendant can be accused of being an immoral person. On the other hand, the State maintains that appellant’s claim was decided adversely to him in his first appeal and cannot be revisited, as the decision of this Court became the law of the case. The State points to the supreme court’s approval of this Court’s decision in Young, and considers that fact to be all the more compelling for affirmance. We disagree with the State’s position.
First, we would note that the supreme court only approved our decision reversing the sentence and remanding the case for resentencing since we were unable to determine beyond a reasonable doubt that the impermissible reasons did not affect the departure sentence. The validity, vel non, of the sole “valid reason” was not addressed. However, opinions filed subsequent to our decision in Young have invalidated the instant reason for departure. For example, the court’s reference to appellant as being a “career criminal” is obviously grounded upon appellant’s record of past crimes. Since appellant’s prior record has already been factored into the guidelines computation, it cannot be used as a reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1986). Alternatively, by its characterizing appellant as a “career criminal” the trial court may be finding that appellant is an habitual offender. However, the supreme court recently invalidated that reason as a means for departure. Whitehead v. State, 498 So.2d 863 (Fla.1986). Finally, the validity of the court’s relying on the immorality of appellant is doubtful in light of the supreme court’s recent decision in Lerma v. State, 497 So.2d 736 (Fla.1986). The immorality of a criminal defendant is a factor common to nearly all crimes in any sentencing category.
As to the State’s argument that we are bound by the law of the case, we point out that an appellate court is bound to follow the latest pronouncements of the law from the higher court at the time an appeal is finally decided. Moreover, notwithstanding the general rule concerning the law of the case, reconsideration of prior settled rulings is warranted when reliance on the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939 (Fla.1984). In the instant case, should we blindly and tenaciously adhere to our obviously erroneous holding in the prior opinion, we would be condoning an illegal sentence. Obviously, such a result cannot be countenanced by this Court.
Accordingly, since the sole remaining reason for departure is invalid, the sentences are vacated and the cause is remanded for resentencing within the guidelines range as determined by the score- *1362 sheet recommending the most severe sanction. Williams v. State, 492 So.2d 1308 (Fla.1986).
SMITH and THOMPSON, JJ., concur.

. Appellant was originally sentenced to fifteen years for the second degree felony, and five years for each of the eleven third degree felonies, the sentences to run concurrently to each other.

. The only reason found to be valid by this Court in Young v. State as finding support in the record was that "[t]he defendant is an amoral person and a career criminal who should be segregated from society.”