519 So.2d 1157 (1988)
Jerry WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-736.
District Court of Appeal of Florida, Fifth District.
February 18, 1988.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
This is an appeal from convictions for robbery with a firearm, aggravated assault with a deadly weapon and possession of a firearm in the commission of a felony.
Appellant robbed a store and pointed a pistol at the clerk in the process. For this incident he was convicted of both armed robbery and aggravated assault with a deadly weapon. These dual convictions would have been proper under State v. Baker, 452 So.2d 927 (Fla. 1984), wherein the Supreme Court of Florida held that aggravated assault with a deadly weapon was not a necessarily included lesser offense of armed robbery since the former requires use of a deadly weapon and the latter requires only that a deadly weapon be carried.
In 1986, however, the Supreme Court of Florida overruled Baker sub silentio in Royal v. State, 490 So.2d 44 (Fla. 1986) by holding that aggravated assault with a deadly weapon is a necessarily lesser included offense of robbery with a firearm. Therefore, Wright cannot be convicted of both the greater offense and a necessarily lesser included offense for one criminal act. This conclusion is buttressed by the language of the Supreme Court of Florida's majority opinion in Carawan v. State, 515 So.2d 161 (Fla. 1987) relating to the doctrine of lenity and the "single evil" analysis of legislative intent.
In the recent case of Hall v. State, 517 So.2d 678 (Fla. 1988), the Florida Supreme Court, applying Carawan, held that convictions for both armed robbery under section 812.13(2)(a) and possession of a firearm while committing a felony per section 790.07(2) cannot stand for the single act of displaying or carrying a firearm while committing a robbery.
The conviction for robbery with a firearm is affirmed; the convictions for aggravated assault and possession of a firearm are reversed.
*1158 AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
DAUKSCH and ORFINGER, JJ., concur.