529 So.2d 1127 (1987)
John A. HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. BN-281.
District Court of Appeal of Florida, First District.
October 7, 1987.
On Motion for Rehearing April 7, 1988.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of appellant's convictions for armed robbery, aggravated assault, and use of a firearm during commission of a felony. Appellant presents several issues for our consideration: (1) that he was arrested without probable cause and that, consequently, all identifications derived from arrest photographs should have been suppressed; (2) that his convictions for armed robbery, aggravated assault, and use of a firearm during commission of a felony all arose from a single act and therefore violated double jeopardy principles; (3) that imposition of consecutive mandatory minimum sentences arising from a single criminal episode was error; and (4) that the trial court's reasons for departing from the guidelines recommendation were not clear and convincing. We have carefully considered the questions presented and find no error regarding issues one and two. However, we must reverse on the remaining points.
The relevant facts are that eleven months after appellant was released from community control for a prior armed robbery, he and a friend robbed a bakery in Jacksonville. Appellant entered the shop, pulling back his jacket to display a gun in his waistband. He demanded money but did not draw. When the clerk gave him the *1128 cash, he was apparently disappointed at the take. He then drew the gun and aimed it at the clerk, demanding more. He forced the clerk to lie down on the floor, pulled the telephone wires from the wall, and left. The entire incident took about two minutes.
Shortly thereafter, he was apprehended, tried, and convicted by jury. The trial court adjudicated appellant as an habitual offender and sentenced him to forty years for the armed robbery, five years for the aggravated assault, and thirty years for the firearm charge. All sentences were to be served consecutively, and all included a three-year mandatory minimum term. The sentencing guidelines recommendation for the armed robbery count was nine to twelve years.
While it is permissible to impose consecutive mandatory minimum sentences for separate offenses committed at separate places during a single criminal episode, Murray v. State, 491 So.2d 1120, 1123 (Fla. 1986), distinct crimes arising from one criminal episode and committed in one place cannot be the basis for consecutive mandatory minimum sentences. Dowdell v. State, 500 So.2d 594, 595 (Fla. 1st DCA 1986). In the case sub judice, appellant committed armed robbery and an aggravated assault, first displaying a gun and then drawing it. There was no significant time gap between the two and no commission of offenses against more than one person or occurrence of offenses in separate locations. Consequently, the trial court erred in ordering appellant to serve the mandatory minimum terms consecutively.
The trial court also exceeded the guidelines recommendation by some twenty-eight years when it sentenced appellant to forty years for the armed robbery. As reasons for departure, the court listed appellant's habitual offender status and his recent release from community control. Habitual offender status is an improper reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986). However, in Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), affirmed, 504 So.2d 392 (Fla. 1987), this court approved a ten-month gap between release and new crime as a valid ground for departure. We similarly approve an eleven-month gap and hold that this ground for departure was valid. However, our review of the record does not convince us beyond a reasonable doubt that, absent the habitual offender reason for departure, the trial court would have imposed the same sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). Consequently, we are compelled to vacate the sentence. We make this statement despite the trial court's announcement that it would have departed for either of the reasons given, as it is apparent from the record that the court was more concerned with appellant's status as an habitual offender than with his recent recidivism. VanTassell v. State, 512 So.2d 181 (Fla. 1987); Griffis v. State, 509 So.2d 1104 (Fla. 1987).
Accordingly, this cause is REVERSED and REMANDED for resentencing in accordance with this opinion.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
Appellant's motion for rehearing is granted in part based on Hall v. State, 517 So.2d 678 (Fla. 1988), and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), holding that dual convictions for use of a firearm during the commission of a felony and for armed robbery and for aggravated assault and armed robbery, respectively, violate double jeopardy principles. This opinion of the Florida Supreme Court was not in effect at the time of the proceedings below and was issued after this court's original opinion in this case.
Accordingly, this court's opinion of October 7, 1987, is modified to order that the use of the firearm conviction and aggravated assault convictions be vacated. In all other respects, the decision stands as initially *1129 issued, and the cause is remanded in accordance herewith.
BOOTH, WENTWORTH, and THOMPSON, JJ., concur.