523 So.2d 746 (1988)
Eddie Joe RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1064.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
*747 James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
This is an appeal from judgment and sentence for the crime of robbery with a weapon, sections 812.13(1) and 812.13(2)(b), Florida Statutes (1985), and assault, section 784.011, Florida Statutes (1985).
Appellant robbed a convenience store, pointing a pistol[1] at the clerk in the process. He was charged, by information, in count one with committing robbery, section 812.13(1), Florida Statutes (1985), while carrying a deadly weapon, section 812.13(2)(a), Florida Statutes (1985) and in count two with aggravated assault, section 784.021(1)(a), Florida Statutes (1985). He was convicted of the two "lesser crimes" stated above.
Appellant argues that assault is a necessarily included lesser offense of robbery with a weapon and that he cannot therefore be convicted of both crimes. He's right. This court in Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988) on a factually similar matter stated:
These dual convictions would have been proper under State v. Baker, 452 So.2d 927 (Fla. 1984) ...
* * * * * *
In 1986, however, the Supreme Court overruled Baker sub silentio in Royal v. State, 490 So.2d 44 (Fla. 1986) by holding that aggravated assault with a deadly weapon is a necessarily included lesser included offense of robbery with a firearm. Therefore, Wright cannot be convicted of both the greater offense and a necessarily included offense for one criminal act.
See also Carawan v. State, 515 So.2d 161 (Fla. 1987) on the doctrine of lenity.
Wright also cites Hall v. State, 517 So.2d 678 (Fla. 1988) which applied Carawan holding that conviction for both armed robbery and possession of a firearm while committing a felony cannot stand for the single act of displaying or carrying a firearm while committing a robbery.
It necessarily follows, then, that appellant's conviction for the crimes of robbery with a weapon, sections 812.13(1) and 812.13(2)(b), and assault, section 784.011, cannot stand inasmuch as, under the factual circumstances here presented, assault is a necessarily lesser included offense of robbery with a weapon. The conviction for robbery with a weapon is affirmed; the conviction for assault is reversed.
The second point raised by the appellant is that the trial court erred in imposing statutorily required court costs ($25.00) without affording him an opportunity to be heard. We find appellant's position on this point to be without merit and affirm that portion of the trial court's judgment and sentence. See Jones v. State, 513 So.2d 732 (Fla. 5th DCA 1987).
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
ORFINGER and COBB, JJ., concur.
NOTES
[1] The "pistol" proved to be an "air gun" apparently accounting for the jury's finding of guilt on the two "lesser included" offenses defined in the trial courts instructions on the law given the jury at the close of the case.