529 So.2d 367 (1988)
Eugene McKENNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1239.
District Court of Appeal of Florida, First District.
August 11, 1988.
*368 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
The appellant, Eugene McKenney, raises three arguments following his conviction and sentence for armed robbery and aggravated assault: (1) that the trial court erred in allowing the victim to make an in-court identification of the appellant based on an improperly suggestive photo identification; (2) that the trial court erred in failing to conduct an adequate Richardson hearing into the State's failure to disclose certain photographs prior to trial; and (3) that the trial court erred in imposing judgment and sentence for both armed robbery and aggravated assault arising from a single act.
We affirm the trial court's failure to suppress the victim's in-court identification of the appellant. First, there is no indication in the record that the procedure used by the police in obtaining an out-of-court photo identification of the appellant was unnecessarily suggestive under the test enunciated in Grant v. State, 390 So.2d 341 (Fla. 1980). Second, despite the unconstitutionality of a physical line-up which was conducted after the photo identification, the evidence supports the reliability of the victim's in-court identification of the appellant, based on both her opportunity to view appellant during the commission of the crime, and on the earlier photo identification. Even assuming arguendo the victim's in-court identification of appellant was improper, the error would be harmless in this case, in light of both the physical evidence linking appellant to the crime scene and of the testimony given by the codefendant.
We affirm appellant's second issue as well, finding that the trial court conducted an adequate hearing under Richardson v. State, 246 So.2d 771 (Fla. 1971), and properly concluded that if a discovery violation indeed occurred, the violation did not cause the appellant to be prejudiced in his ability to prepare for trial.
We agree with appellant's third argument on appeal, finding that he was improperly convicted and sentenced of both armed robbery and aggravated assault arising from a single act. Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988), Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
Accordingly, appellant's conviction for armed robbery is AFFIRMED; the conviction for aggravated assault is REVERSED.
THOMPSON and ZEHMER, JJ., concur.