531 So.2d 410 (1988)
Sammy Lee NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1965.
District Court of Appeal of Florida, First District.
September 27, 1988.
Michael E. Allen, Public Defender; and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions, after jury trial, of five counts of armed robbery, one count of aggravated battery, four counts of aggravated assault, one count of carrying a concealed firearm, and five counts of use of a firearm during the commission of a felony. We affirm in part and reverse in part.
Appellant's challenge to the trial judge's denial of his motion to strike the jury panel is without merit. However, the convictions and sentences for the four counts of aggravated assault and five counts of use of a firearm during the commission of a felony violate appellant's right against double jeopardy due to the armed robbery convictions for the same criminal transactions, and are hereby reversed and vacated. Carawan v. State, 515 So.2d 161 (Fla. 1987); Hall v. State, 517 So.2d 678 (Fla. 1988); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
The remaining convictions and respective sentences are affirmed. According to our guidelines scoresheet calculations and the representations of both appellant and appellee, subtraction of the points scored for the nine convictions reversed above does not alter appellant's recommended guidelines sentence of nine to twelve years. The trial judge gave appellant a substantial departure sentence, citing reasons which appellant has challenged. We find that two of those reasons  the escalating pattern of criminal activity and appellant's unscored juvenile convictions  are clearly valid based on the record. The trial judge stated that any one reason given would support departure *411 and upon a review of the record, we are satisfied that the state has met its burden of proving beyond a reasonable doubt that the sentences imposed would have been the same if only the two reasons approved herein had been cited. See Griffis v. State, 509 So.2d 1104 (Fla. 1987).
AFFIRMED IN PART AND REVERSED IN PART.
JOANOS and BARFIELD, JJ., concur.