532 So.2d 9 (1988)
Albert HEATH, a/k/a James Albert Heath, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1269.
District Court of Appeal of Florida, First District.
July 21, 1988.
On Motion for Rehearing October 13, 1988.
Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
REVERSED. Hall v. State, 517 So.2d 678 (Fla. 1988).
SMITH, C.J., and WENTWORTH and WIGGINTON, JJ., concur.

*10 OPINION ON MOTION FOR REHEARING
On appeal, appellant contended that he should not have been adjudged guilty of both armed robbery and using a firearm during the commission of the same robbery. This court agreed and issued its "Per Curiam" reversal, filed July 21, 1988. In its motion for rehearing, appellee State of Florida urges that this court was in error in overlooking recent amendments to section 775.021(4), Florida Statutes, contained in Chapter 88-131(7), Laws of Florida (1988). The state contends that the amendment overrules Carawan v. State, 515 So.2d 161 (Fla. 1987), and Hall v. State, 517 So.2d 678 (Fla. 1988) (cited as authority for our "Per Curiam" reversal).
We find no merit in these contentions. First, it is a function of the judiciary to declare what the law is. 10 Fla.Jur.2d, Constitutional Law, § 166. Although legislative amendment of a statute may change the law so that prior judicial decisions are no longer controlling, it does not follow that court decisions interpreting a statute are rendered inapplicable by a subsequent amendment to the statute. Instead, the nature and effect of the court decisions and the statutory amendment must be examined to determine what law may be applicable after the amendment. See, 13 Fla.Jur.2d, Courts and Judges, § 140.
Secondly, it is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed. See, 14 Fla.Jur.2d, Criminal Law, § 18, and cases therein cited; Article 10, § 9, Florida Constitution.
Finally, the amended statute, if given retroactive effect as urged by the state, would result in additional punishment for appellant, thus running afoul of the ex post facto clauses of the state and federal constitutions. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (statute reducing gain time credits is ex post facto when applied to a prisoner whose crime was committed before the amendment); Miller v. Florida, 482 U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (applying amended sentencing guidelines having effect of increasing sentence for crime committed prior to effective date of amendment violates ex post facto clause); Article I, Section 10, United States Constitution; Article I, Section 10, Florida Constitution; Booker v. State, 514 So.2d 1079 (Fla. 1987) (defendant is entitled to review of extent of departure from a guidelines sentence under law as interpreted by the Florida Supreme Court at the time of his offense, notwithstanding subsequent legislative amendment to the guidelines statute constricting appellate review of a departure sentence).
For the foregoing reasons, we hold that the interpretation by the highest court of this state, as found in the Carawan and Hall decisions, of the criminal statutes existing at the time of the offenses committed here, govern as to the permissible criminal punishments which may be imposed upon appellant, rather than the subsequently adopted legislation having the effect of increasing those punishments.
Accordingly, motion for rehearing is DENIED.
SMITH, C.J., and WENTWORTH and WIGGINTON, JJ., concur.