537 So.2d 115 (1988)
Eric PICKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-650.
District Court of Appeal of Florida, First District.
December 14, 1988.
*116 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant raises two issues in this criminal appeal, arguing that the trial court erred in failing to conduct a hearing regarding the state's reasons for peremptorily excusing black jurors, and that the court erred in departing from the recommended guideline sentence. We do not reach the merits of issue two in that we feel compelled to reverse and remand for new trial as to the first issue raised.
During jury selection, following the state's third peremptory challenge of a black juror, the defense objected, stating that "based upon the number of peremptory challenges exercised by the state, the state is making a systematic exclusion of black jurors." The court responded that there were only five black jurors in the venire,[1] two of whom had been struck for cause, three peremptorily excused by the state, and one remaining on the jury. The court concluded that because the alternate juror was black, the defense's objection did not meet "the necessary prerequisite for a showing that they [the state] have utilized peremptories solely for the purpose of excluding black jurors... ." No hearing was conducted nor were any inquiries directed to the state for the purpose of determining whether its challenges were motivated by impermissible reasons.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the Florida Supreme Court established the following test to determine improper bias in the selection of juries:
A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
Id. at 486 (footnote omitted). The burden of demonstrating a "strong likelihood" of bias has been liberally interpreted as providing the defendant "broad leeway," so that any doubt as to whether the defendant has met this burden should be resolved in his favor. See State v. Slappy, 522 So.2d 18, 22 (Fla. 1988). Construing the facts in this case in favor of the defendant, we conclude that defense counsel raised a prima facie showing that a likelihood of discrimination existed.[2]
Having so decided, we next hold that the trial court erred in failing to conduct a timely inquiry that would require the state to offer specific reasons for the use of its peremptory challenges "based on the jurors' responses at voir dire or other facts evident from the record." Id. at 23. As no inquiry whatsoever was made of the state, there is no evidence in the record before us that would allow us to make any determination regarding whether the state's peremptory challenges to the three prospective black jurors were grounded on racially neutral reasons. Neither can the failure of the trial court to conduct a hearing *117 be corrected by relinquishing jurisdiction to the lower court to conduct a post-trial hearing. As stated by the Florida Supreme Court in Blackshear v. State, 521 So.2d 1083, 1084 (Fla. 1988):
When a Neil objection is properly raised, as it was in this instance, the time for the hearing has come. The requirements established by Slappy cannot possibly be met unless the hearing is conducted during the voir dire process. Only at this time does the court have the ability to observe and place on the record relevant matters about juror responses or behavior that may be pertinent to a Neil inquiry.
REVERSED and REMANDED for new trial.
WENTWORTH, J., concurs.
BOOTH, J., dissents.
NOTES
[1] There were in fact seven black jurors in the pool of 35.
[2] The record shows that the state employed three of its six peremptory challenges in striking prospective black jurors, including a juror who was "backstruck." None of the black jurors, from the face of the record before us, appears to be less desirable than any of their white counterparts. In fact, one of the stricken jurors had been a victim of a robbery, the crime for which the defendant was charged, and had friends who were policemen  attributes which ordinarily would seem favorable to the state.