534 So.2d 1233 (1988)
James D. MEADOWS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2363.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
Rehearing Denied January 11, 1989.
*1234 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is a timely appeal from judgments of conviction and sentences of twenty-two years' imprisonment for armed robbery and five years, concurrent, for aggravated assault and false imprisonment in Circuit Court Case No. 87-337CF, and five years, concurrent, for possession of cocaine, possession of drug paraphernalia, and carrying a concealed firearm in Circuit Court Case No. 86-19123CF.
On appeal Meadows contends the trial court erred in consolidating the offenses charged in the two cases and in not vacating the conviction for aggravated assault, since it is a lesser included offense of the crime of armed robbery of which Meadows was convicted.
We find no merit in Meadows' contention regarding the consolidation because the separate offenses were related in an episodic sense and no prejudice was shown. Furthermore, at worst, it would be harmless error as the evidence of guilt was overwhelming.
This court has recently held, relying on Carawan v. State, 515 So.2d 161 (Fla. 1987), that aggravated assault and armed robbery address the same evil and dual convictions are not permissible where the offenses arise from a single act as occurred in this case. Brown v. State, 529 So.2d 1247 (Fla. 4th DCA 1988); McKenney v. State, 529 So.2d 367 (Fla. 1st DCA 1988); Edwards v. State, 529 So.2d 1213 (Fla. 4th DCA 1988). Although the legislature has amended section 775.021(4), effective July 1, 1988, which will ultimately affect the holding in Carawan, it should not be applied retroactively. Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988).
Accordingly, we affirm the case in all respects except we remand the cause to the trial court with directions to vacate the judgment of conviction and sentence for aggravated assault.
HERSEY, C.J., DOWNEY and ANSTEAD, JJ., concur.