SMITH, Chief Judge.
Appellant appeals his convictions for burglary with an assault, aggravated assault, sexual battery, kidnapping and armed robbery. He raises four issues on appeal, only one of which merits discussion. We affirm.
The appellant contends the trial court erred in admitting an in-court identification of him by the victim who had seen the appellant and heard him called by name shortly before trial commenced. The victim had moved out of state and had returned for the trial. She was waiting in the courtroom on the day trial was to commence when the court entertained a pre-trial motion. The appellant appeared at the pre-trial hearing, and this viewing, argues appellant, constituted an illegal show-up in violation of his right to assistance of counsel. The appellant also argues that this viewing rendered the in-court identification suspect, and therefore due process requires that the in-court identification be excluded.
We do not believe the confrontation was an illegal show-up. A show-up is the presentation of a single suspect to a witness for the purpose of identification. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). As such, show-ups may violate due process because of the substantial likelihood that the witness will come to the conclusion that the suspect is indeed the perpetrator simply because he is in custody. Because an improper show-up is so suggestive and conducive to irreparable misidentification, subsequent identifications are inadmissible unless it can be shown that the latter identification was based on a source independent of the illegal confrontation. Simons v. State, 389 So.2d 262 (Fla. 1st DCA 1980).
There is no indication in this case that the victim’s observations of the appellant shortly before trial was anything other than accidental. Contrary to the assumption the appellant asks us to make, we find no basis upon which to conclude that this viewing was intended, let alone intended for the sole purpose of bolstering the victim’s in-court identification. The reliability of the victim’s in-court identification is supported by the fact that the victim had ample opportunity to view her attacker, and in addition was able to select the appellant from an unimpeached photo spread prior to trial. McKenney v. State, 529 So.2d 367 (Fla. 1st DCA 1988). Also, the appellant was identified at trial as the assailant by the codefendant. Furthermore, although the appellant’s counsel was present and aware of the victim’s presence in the courtroom, appellant took no steps to register an objection to this allegedly improper viewing until two days after it occurred.
In any event, we hold that the allegedly improper viewing was harmless. Simons, supra. None of the other grounds raised in this appeal are meritorious, and therefore, the conviction and sentence are AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.