538 So.2d 68 (1989)
Charlie DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-521.
District Court of Appeal of Florida, First District.
January 27, 1989.
*69 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Charlie Denmark appeals from his convictions and sentences for three counts of attempted armed robbery, three counts of aggravated assault, three counts of attempted kidnapping with a firearm, and nine counts of use of a firearm during commission of a felony. The issue is whether Denmark can be convicted and sentenced for both attempted armed robbery and aggravated assault and for both use of a firearm during commission of a felony and the underlying felonies (attempted armed robbery, aggravated assault and attempted armed kidnapping), when all offenses arose from the same criminal act, without violating double jeopardy principles. We reverse the aggravated assault and firearm convictions and remand for resentencing.
Denmark's convictions for both aggravated assault and attempted armed robbery, arising from the same criminal episode, are improper. Carawan v. State, 515 So.2d 161 (Fla. 1987); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988); Brown v. State, 529 So.2d 1247 (Fla. 4th DCA 1988); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988); McKenney v. State, 529 So.2d 367 (Fla. 1st DCA 1988); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
Denmark's convictions for both use of a firearm during the commission of a felony and the underlying felonies are also improper. Although the legislature has not expressly so stated, we find that the criminal statutes, read in pari materia, evidence a clear legislative intent not to impose multiple punishments for both the firearm charge and the underlying felony.
Specifically, section 775.087(1), Florida Statutes (1987), requires reclassification of a felony conviction, except a felony in which the use of a weapon or firearm is an essential element, when the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm during the commission of that felony. It is reasonable to conclude that, by excluding those felonies which do not include the use of a firearm or weapon as an essential element of the offense, the legislature intended to punish only once for the criminal act of carrying a weapon or firearm during the commission of a felony. A Carawan analysis is unnecessary in the face of this clear legislative intent.
In McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), this court held that the defendant could not be convicted and sentenced separately for the crime of using a firearm during the commission of a felony and the reclassified felony which included as one of its essential elements the use *70 of a firearm. Attempted armed kidnapping as reclassified under 775.087, includes as one of its essential elements the carrying, display or use of a weapon or firearm. Attempted armed robbery includes, as an essential element, the carrying of a firearm or other deadly weapon.[1] Aggravated assault includes, as an essential element, the use of a deadly weapon.[2] Under McKinnon, Denmark could not be convicted and sentenced separately for the crime of using a firearm during the commission of a felony and for the underlying felonies because they included the use of a firearm as an essential element.
We REMAND with instructions to vacate the three aggravated assault convictions and the nine firearm convictions and to recalculate Denmark's sentence under the sentencing guidelines.
SMITH, C.J., and ZEHMER, J., concur.
BARFIELD, J., concurs in part and dissents in part, with written opinion.
BARFIELD, Judge, concurring in part, dissenting in part:
I agree with the majority that the criminal statutes, read in pari materia, indicate a clear legislative intent not to impose multiple punishments for both the firearms offenses and the underlying felonies and that, in light of this clear legislative intent, resort to a rule of "lenity" is unnecessary. I agree that Denmark's nine firearms convictions must be vacated. However, I find no such indication of legislative intent with regard to multiple punishments for attempted armed robbery and aggravated assault, and would not apply the Carawan rule of "lenity" to vacate Denmark's three aggravated assault convictions.
The 1988 legislature, apparently in response to Carawan, amended section 775.021 by adding subsection (4)(b), which states that "the intent of the legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the rule of lenity ... to determine legislative intent" unless the offenses require identical elements of proof, are degrees of the same offense, or are lesser included offenses. Chapter 88-131, section 7, Laws of Florida.
The express statutory language limiting the application of the rule of lenity as applied in Carawan and the fact that the legislature amended the statute after its recent interpretation by the Florida Supreme Court in Carawan and Hall v. State, 517 So.2d 678 (Fla. 1988), lead me to conclude that the amendment should be applied retroactively. The Florida Supreme Court stated in Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985), "[w]hen ... an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change thereof" (citations omitted). If there ever was a Lowry situation, this is it. Application of the amended statute to this case does not pose an ex post facto problem, as suggested in Heath, because the legislature was merely clarifying its original intent as to the proper application of section 775.021, and did not create or change substantive law.
Although the Florida Supreme Court has not yet addressed this issue, in a special concurrence to State v. Barritt, 531 So.2d 338, 341 (Fla. 1988), Justice Shaw wrote that the legislature, by amending section 775.021(4), "intends and previously intended, that separate offenses, as defined by the legislature, are subject to separate convictions and separate sentences." In a *71 footnote, Justice Shaw explained that the amendment did not change the substantive meaning of the statute, but "simply explains the meaning of 775.021(4)(a) and lists the only three instances where an offense may be treated as a lesser included offense." Id. See also Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988), in which the court noted that the legislature had spoken to make clear its intent.
Under amended section 775.021(4), multiple punishments are permissible for both the attempted armed robbery and the aggravated assault convictions. See e.g., State v. Baker, 452 So.2d 927 (Fla. 1984).[1] Aggravated assault is a "category 2" lesser included offense of robbery with a firearm, which means that it may or may not be included in the primary offense, depending on the accusatory pleading and the evidence.[2] For purposes of construing the legislative intent with regard to multiple punishments, however, the accusatory pleadings and evidence are irrelevant and the offenses of aggravated assault and attempted armed robbery do not fall within the exceptions set forth in section 775.021(4)(b).
Until the statutory scheme evinces a clear legislative intent not to punish separately the crimes of armed robbery and aggravated assault arising from the same criminal act, the appellate courts are precluded from applying the Carawan rule of "lenity" by amended section 775.021(4)(b) unless the offenses in question meet the requirements for one of the exceptions to the statute.
I would vacate the firearms convictions, affirm the other convictions, and remand to the trial court for recalculation of the recommended guidelines sentence.
NOTES
[1] Section 812.13(1), Fla. Stat. (1987), defines "robbery" as: "the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of taking there is the use of force, violence, assault, or putting in fear." Section 812.13(2)(a), provides: "If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree... ."
[2] Section 784.021(1), Fla. Stat. (1987), defines an "aggravated assault" as "an assault: (a) with a deadly weapon without intent to kill; or (b) with an intent to commit a felony."
[1] In Baker, the Florida Supreme Court stated that robbery becomes the enhanced crime of armed robbery, not because the defendant used a deadly weapon (as required for an aggravated assault), but by the mere fact that the defendant carried a deadly weapon. The Court stated that, "[f]or double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case. Bell [v. State, 437 So.2d 1057, 1058 (Fla. 1983)]. Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses. § 775.021(4), Fla. Stat. (1979)." 452 So.2d at 929. Accord, Owens v. State, 475 So.2d 1238 (Fla. 1985) (jury could not be instructed on aggravated assault as a lesser included offense of armed robbery).

The Fifth District Court of Appeal in Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), and again in Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988), held that the supreme court had overruled State v. Baker "sub silencio" in Royal v. State, 490 So.2d 44 (Fla. 1986). In Royal, the court found that the evidence did not support the defendants' convictions for armed robbery, but that under the facts of that case they could have been charged separately with aggravated assault (they pointed a gun at store detectives outside the store), and because aggravated assault with a deadly weapon was a necessarily lesser included offense of robbery with a firearm, they could be convicted of aggravated assault with a deadly weapon. The court in Royal did not engage in the double jeopardy analysis it had applied in State v. Baker, and appeared to find that aggravated assault was a lesser included offense of armed robbery based on the facts of that case. For that reason, I conclude that the Fifth District's reliance on Royal is misplaced.
[2] Standard Jury Instructions in Criminal Cases (2d Ed., Supp. 1987), schedule of lesser included offenses.