538 So.2d 1302 (1989)
Anthony F. PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-266.
District Court of Appeal of Florida, First District.
February 10, 1989.
*1303 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Anthony F. Payne (appellant) appeals his conviction and sentences for the offenses of armed robbery, aggravated assault, armed kidnapping, use of a firearm in commission of the felony of armed robbery, and use of a firearm in commission of the felony of armed kidnapping. The issues for our review are: (1) the trial court's denial of appellant's motion to strike the jury panel, after the state exercised its peremptory challenges to excuse three black males from the panel; and (2) the trial court's imposition of multiple sentences for offenses argued to have arisen out of a single criminal act. We affirm as to the first issue, and reverse as to the second.
With regard to the first issue, we conclude that the state's explanation of its exercise of peremptory challenges to exclude the three black males from the jury was consistent with the standard enunciated by the supreme court in State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Therefore, we find no error in the trial court's refusal to strike the jury panel.
With regard to the second issue, we note at the outset that this court has rejected the argument advanced by the state that (1) the 1988 amendment to § 775.021, Florida Statutes, overruled Carawan v. State, 515 So.2d 161 (Fla. 1987), and (2) the amendment should apply retrospectively, because it interprets legislative intent rather than effecting a substantive change. See Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988). In Heath, this court recited the following principles: (1) it is the judiciary's function to declare what the law is, thus court decisions interpreting a statute are not necessarily rendered inapplicable by a subsequent amendment, but must be examined in light of a statutory amendment "to determine what law may be applicable after the amendment;" (2) the statutes in effect at the time of commission of a crime control both the offenses for which a perpetrator can be convicted and the punishments which may be imposed; and (3) if § 775.021(4), Florida Statutes (1988),[1] were given retroactive effect, the result would *1304 be an increase in punishment for appellant, thereby violating the ex post facto clauses of the state and federal constitutions. U.S. Const. amend. V; Art. I, § 9 Fla. Const.
Based on the foregoing, the court held that 
the interpretation by the highest court of this state, as found in the Carawan and Hall decisions, of the criminal statute existing at the time of the offenses committed here, govern as to the permissible criminal punishments which may be imposed upon appellant, rather than the subsequently adopted legislation having the effect of increasing those punishments.
532 So.2d at 10.
Among other things, in Carawan, the court noted that "the prohibition against double jeopardy was aimed as much at the evil of multiple punishments as at the evil of retrial for the same offense." 515 So.2d at 164. In Hall v. State, 517 So.2d 678 (Fla. 1988), the court emphasized that the Carawan "holding applied only to separate punishments arising from one act  not one transaction." Id., at 679 (emphasis supplied). In other words, according to Carawan, where one is charged under two legislative provisions that manifestly address the same evil, and there is no clear expression of legislative intent, the most reasonable conclusion usually is that the legislature did not intend to impose multiple punishments. 515 So.2d at 168. See also State v. Barton, 523 So.2d 152 (Fla. 1988).
The rule enunciated in Carawan was applied in Hall, supra, where the court held that one may not be convicted of both the offense of armed robbery and the offense of displaying a firearm or carrying a concealed firearm, when both offenses resulted from a single act. 517 So.2d at 680. In Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988), this court reversed and vacated convictions and sentences for four counts of aggravated assault and five counts of use of a firearm during the commission of a felony, since in each instance appellant had been convicted for armed robbery for the same criminal act. In Neal as in the instant case, the accused was convicted and sentenced for (1) armed robbery, (2) aggravated assault, and (3) use of a firearm during commission of a felony, all occurring during one criminal act committed in one place. Citing Hall, Carawan, and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), the court vacated the convictions for aggravated assault and use of a firearm in commission of a felony.
Application of the foregoing decisions to the facts of this case, indicates first, that appellant's convictions and sentences for Counts IV and V, use of a firearm during commission of the felonies of armed robbery and armed kidnapping, must be vacated, since the use of a firearm occurred during one criminal act committed in one place. See Neal, 531 So.2d 410. Indeed, the state concedes as much. Second, the Count II conviction and sentence for aggravated assault must be vacated. See Neal v. State. Third, the convictions and sentences for armed robbery and armed kidnapping are affirmed, since the armed kidnapping in this case involved movement *1305 and confinement of the victim in a manner that is not inherent in or incidental to armed robbery. See Faison v. State, 426 So.2d 963 (Fla. 1983); Ferguson v. State, 519 So.2d 747 (Fla. 4th DCA 1988), approved, 533 So.2d 763 (Fla. 1988).
In summary, in this case, unlike the circumstances existing in this court's recent decision in Johnson v. State, 537 So.2d 117 (Fla. 1st DCA 1988), and Pickett v. State, 537 So.2d 115 (Fla. 1st DCA 1988), the trial court properly required the state to give reasons for its exercise of three peremptory challenges which resulted in the exclusion of three black males from the jury panel. We find no error in the trial court's acceptance of the reasons given, and therefore affirm as to the first issue. As to the second issue, the convictions and sentences for Counts II, IV and V are vacated, pursuant to Neal v. State.
Accordingly, the trial court's determination of the jury issue is affirmed. However, we reverse the convictions and sentences imposed with regard to Count II  aggravated assault, Count IV  use of a firearm during the commission of an armed robbery, and Count V  use of a firearm during the commission of an armed kidnapping, and remand for further proceedings consistent with this opinion.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Ch. 88-131, § 7 Laws of Fla., amended § 775.021(4), Fla. Stat., to read:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Section 8. If any provision of this act or the application thereof to any person or circumstances is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given without the invalid provision or application, and to this end the provisions of this act are declared severable. (Additions to the text are indicated by underlining.)