544 So.2d 266 (1989)
Charlie DENMARK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-521.
District Court of Appeal of Florida, First District.
May 17, 1989.
*267 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee has requested that we reconsider our opinion in this case 538 So.2d 68, in light of State v. McKinnon, 540 So.2d 111 (Fla. 1989), in which the supreme court quashed this court's opinion in McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). We deny the motion for rehearing, because the supreme court's opinion in that case does not affect disposition of this case.
In McKinnon, the defendant was charged with second-degree murder (count I) and display or use of a firearm during the commission of a felony (count II). The jury found him guilty of manslaughter, a lesser included offense of count I, and of use of a firearm as charged in count II. This court reversed the conviction for use of a firearm and remanded for correction of the judgment to reflect reclassification of the manslaughter conviction to a first degree felony under section 775.087(1)(b), Florida Statutes (1985), and for resentencing.
The supreme court quashed the opinion, ruling that conviction on one count of an information may not be used to enhance punishment for a conviction on another count. It noted that the verdict form as to count I "contained no mention of whether the manslaughter was committed with the use of a firearm," found that this court had improperly inferred from the conviction in count II the requisite finding of the use of a firearm to reclassify the manslaughter conviction as a first-degree felony, and reinstated the firearm conviction.
In the case at issue, the information specifically charged three counts of assault "with a deadly weapon, to wit: a pistol." It also specifically charged one count of armed robbery, two counts of attempted armed robbery, and three counts of kidnapping, during the commission of each of which the defendant "had in his possession a firearm or destructive device, to wit: a pistol." On the three verdict forms finding Denmark guilty of attempted armed robbery, the jury specifically found that he "did have a firearm in his possession." The jury found him guilty on all three counts of aggravated assault "as charged," and also found him guilty on three counts of attempted kidnapping "with a firearm," a lesser included offense of armed kidnapping.
The supreme court's opinion in McKinnon does not affect disposition of this case because there has been no improper inference from a conviction on one count that the defendant carried a firearm during the commission of the offense charged in another count. The motion for rehearing is DENIED.
SMITH, C.J., and ZEHMER and BARFIELD, JJ., concur.