545 So.2d 398 (1989)
Curtis VANCE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-806.
District Court of Appeal of Florida, First District.
June 9, 1989.
*399 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Curtis Vance, appeals his convictions for armed robbery with the use of a firearm, aggravated assault with the use of a firearm, and use of a firearm during the commission of a felony, as well as the sentence imposed by the trial court for these offenses.
First, appellant alleges that his conviction for both armed robbery and aggravated assault, and for aggravated assault and use of a firearm during the commission of a felony, all arising out of a single act, was impermissible under Carawan v. State, 515 So.2d 161 (Fla. 1987).[1] We agree. This court recently held in Ellison v. State, 538 So.2d 90 (Fla. 1st DCA 1989) that a defendant may not be convicted of both aggravated assault with a firearm and use or display of a firearm during the commission of a felony when both offenses arise out of the same act. Dual convictions are also improper for both armed robbery and aggravated assault arising out of the same act. Denmark v. State, 538 So.2d 68 (Fla. 1st DCA 1989); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). Accordingly, appellant's convictions for both use of a firearm during the commission of a felony and aggravated assault with the use of a firearm are vacated, and the trial court is directed to correct the judgment and sentence. Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988).
Second, appellant asserts that the trial court erred in allowing his sentencing guideline scoresheet to reflect the inclusion of one prior second-degree felony established only by an F.B.I. rapsheet, and four prior misdemeanors substantiated only with arrest and booking reports. We agree with appellant's argument on this issue as well. Rule 3.701 d.5.(a)(1), Fla.R.Crim.P., provides that entries in criminal histories which show arrest only shall not be scored. Appellant's four prior misdemeanors were therefore improperly included in the sentencing guideline scoresheet. Further, although *400 the F.B.I. rapsheet introduced by the State apparently indicated a 1972 conviction for escape, appellant objected not only to the hearsay nature of the evidence, but also specifically disputed the correctness of the evidence. Therefore, under Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986), the court should have required the State to provide further corroborating evidence of the alleged escape conviction.
Accordingly, appellant's convictions for aggravated assault and use of a firearm during the commission of a felony are hereby vacated and the case is remanded to the trial court for resentencing.
ZEHMER, J., concurs.
BARFIELD, J., concurs and dissents, with opinion.
BARFIELD, Judge, concurring and dissenting:
I concur in the majority opinion with the exception of that part of the opinion which vacates the conviction for aggravated assault. For the reasons I expressed in Denmark v. State, 538 So.2d 68, 70 (Fla. 1st DCA 1989), I would affirm the aggravated assault conviction.
NOTES
[1] Appellee's contention that Carawan has been overruled by the enactment of Chapter 88-131(7), Laws of Florida (1988), amending section 775.021(4), Florida Statutes (1987), is without merit. Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988).