ZEHMER, Judge.
Once again we review the convictions and sentences of Ira J. Harmon. The pertinent facts and relevant history of this case *1028 are stated in those opinions.[1] Harmon raises three points on this appeal, only two of which require discussion.
First, he contends that the trial court erred in departing from the sentencing guidelines because the single reason given,[2] although it had been previously approved on prior appeals to this court, was invalid under the supreme court’s decision in State v. Jones, 530 So.2d 53 (Fla.1988), which was rendered after those appeals but prior to his most recent sentencing pursuant to the decision and mandate of this court in Harmon II. We agree and reverse the departure sentence with directions to sentence appellant within a properly calculated sentencing guidelines range. Hogan v. State, 542 So.2d 1068 (Fla. 1st DCA 1989). The law of the case doctrine does not preclude reconsideration of a decided issue when an intervening decision of a higher court to the contrary is controlling on that issue. Young v. State, 503 So.2d 1360 (Fla. 1st DCA 1987).[3]
Second, Harmon contends that because his convictions and sentences on the two charges of aggravated assault arose out of the same two criminal acts as his convictions and sentences on the two charges of armed robbery, the trial court erred in denying his motion under rules 3.850 and 3.800, Fla.R.Crim.P., to set aside the assault convictions as violative of the constitutional protection against double jeopardy pursuant to the federal and Florida constitutions. The trial court heard argument on these motions at the sentencing hearing and denied the motion reasoning that the legislative amendment in chapter 88-131, Laws of Florida, overturned the supreme court decision in Carawan v. State, 515 So.2d 161 (Fla.1987), and would apply retroactively to validate Harmon’s convictions. (R. 54-58).[4] But the supreme court and this court have now ruled that this amendment cannot be given retroactive effect, State v. Smith, 547 So.2d 613 (Fla.1989); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988), rev. denied, 541 So.2d 1173 (Fla.1989). It appearing from the record that each aggravated assault conviction was based upon the same criminal act as the corresponding armed robbery conviction, we reverse the denial of appellant’s motion for post-conviction relief and remand with directions to vacate both of appellant’s convictions for aggravated assault, and to resentence appellant upon the armed robbery convictions within properly calculated sentencing guidelines. Hall v. State, 517 So.2d 678 (Fla.1988); Carawan v. State, 515 So.2d 161 (Fla.1987); Payne v. State, 538 So.2d 1302 (Fla. 1st DCA 1989); Denmark v. State, 538 So.2d 68 (Fla. 1st DCA 1989), reh. denied, 544 So.2d 266; Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988); Etlinger v. State, 538 So.2d 1354 (Fla. 2d DCA 1989).
REVERSED AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.

. Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987) (Harmon I); Harmon v. State, 531 So.2d 391 (Fla. 1st DCA 1988) (Harmon II),

. That ground recited: "The Defendant committed this offense on November 3, 1985, approximately 15 months after being released on parole for a prior armed robbery conviction. Recent release from incarceration has been held to be a valid reason to exceed the recommended guideline range.” (R. 24, 43, 83).

. "As to the State's argument that we are bound by the law of the case, we point out that an appellate court is bound to follow the latest pronouncements of the law from the higher court at the time an appeal is finally decided. Moreover, notwithstanding the general rule concerning the law of the case, reconsideration of prior settled rulings is warranted when reliance on the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939 (Fla.1984).” 503 So.2d at 1361.

.We review the court's ruling reflected in the transcribed record of that hearing even though it was not thereafter reduced to a written order. Ordinarily, rulings on motions made in open court and reflected on a written transcript of proceedings are sufficient to support appellate review, and it furthers the interest of justice by bringing the sentencing proceedings in this case to a close with some degree of finality while avoiding unnecessary judicial labor on yet another appeal.