ANSTEAD, Judge,
dissenting in part.
I agree with the majority that, for the most part, appellant’s application for post-conviction relief was properly denied. However, I believe appellant did state a proper double jeopardy claim under Carawan v. State, 515 So.2d 161 (Fla.1987). Appellant passed three (3) forged checks. For doing so he was convicted of six (6) felonies, three for grand theft and three for uttering a forged instrument. I don’t believe the appellant could be properly convicted of both grand theft and uttering for each act of cashing a forged check.
In Harmon v. State, 547 So.2d 1027, 1028 (Fla. 1st DCA 1989), our sister court reviewed a similar claim for post-conviction relief and held:
Second, Harmon contends that because his convictions and sentences on the two charges of aggravated assault arose out of the same two criminal acts as his convictions and sentences on the two charges of armed robbery, the trial court erred in denying his motion under rules 3.850 and 3.800, Fla.R.Crim.P., to set aside the assault convictions as violative of the constitutional protection against double jeopardy pursuant to the federal and Florida constitutions. The trial court heard argument on these motions at the sentencing hearing and denied the motion reasoning that the legislative amendment in chapter 88-131, Laws of Florida, overturned the supreme court decision in Carawan v. State, 515 So.2d 161 (Fla.1987), and would apply retroactively to validate Harmon’s convictions. (R. 54-58). But the supreme court and this court have now ruled that this amendment cannot be given retroactive effect, State v. Smith, 547 So.2d 613 (Fla.1989), Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988), rev. denied, 541 So.2d 1173 (Fla.1989). It appearing from the record that each aggravated assault conviction was based upon the same criminal act as the corresponding armed robbery conviction, we reverse the denial of appellant’s motion for post-conviction relief and remand with directions to vacate both of appellant’s convictions for aggravated assault, and to resentence appellant upon the armed robbery convictions within properly calculated sentencing guidelines. Hall v. State, 517 So.2d 678 (Fla.1988); Carawan v. State, 515 So.2d 161 (Fla.1987); Payne v. State, 538 So.2d 1302 (Fla. 1st DCA 1989); Denmark v. State, 538 So.2d 68 (Fla. 1st DCA 1989), reh. denied, 544 So.2d 266; Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988); Etlinger v. State, 538 So.2d 1354 (Fla. 2d DCA 1989).