PER CURIAM.
This cause is before us on a consolidated appeal of appellant’s judgment and sentence for two felonies in Case No. 86-8317 and ten felonies in Case No. 86-8320. We affirm without discussion the judgment and sentence in Case No. 86-8320.[1] We affirm the judgment and remand for resen-tencing Case No. 86-8317.
On July 12, 1986, appellant entered a Wendy’s restaurant in Jacksonville, Florida, armed with a nine millimeter semiautomatic weapon. Appellant robbed the manager at gunpoint, forced him to open the safe, removed approximately $2000, and subsequently locked the manager in a broom closet. Appellant was arrested and confessed to the crimes.
Appellant was convicted of armed robbery, aggravated assault, armed kidnapping, use of a firearm during the commission of an armed robbery, and use of a firearm during the commission of an armed kidnapping. This court reversed appellant’s convictions and sentences imposed with regard to Count II, aggravated assault, Count IV, use of a firearm during the commission of an armed robbery, and Count V, use of a firearm during the commission of an armed kidnapping, and remanded for further proceedings. See Payne v. State, 538 So.2d 1302 (Fla. 1st DCA 1989), jurisdiction dismissed, State v. Payne, 550 So.2d 1120 (Fla.1989).
On January 19, 1990, the court resen-tenced appellant for armed robbery and for armed kidnapping, imposing two consecutive life sentences. In addition, the trial court imposed two concurrent three-year minimum mandatory provisions pursuant to Section 775.087(2), Florida Statutes, which are not challenged here.
In this case, the maximum guideline sentence for armed robbery and for armed kidnapping is life, on each count, the sentences to run concurrently. Thus, the consecutive life sentences resulted in a departure from the recommended guideline sentence. Rease v. State, 493 So.2d 454 (Fla.1986). Absent reasons for the departure, the sentence must be reversed. Upon remand, the trial court may either enter a guideline sentence or, by stating valid reasons, a departure sentence. See Roberts v. State, 547 So.2d 129 (Fla.1989).
Accordingly, the judgment and sentence in Case No. 86-8320 is affirmed. The judgment in Case No. 86-8317 is affirmed, and the sentence is reversed and remanded for further proceedings consistent with this opinion.
BOOTH and MINER, JJ„ and WENTWORTH, Senior Judge, concur.

. These offenses were unrelated to the crimes committed July 12, 1986, which are the subject of appeal in Case No. 86-8317. Appellant presented no issues on appeal in Case No. 86-8320.