523 So.2d 1238 (1988)
Webster F. McKINNON, Appellant,
v.
STATE of Florida, Appellee.
No. BT-109.
District Court of Appeal of Florida, First District.
April 20, 1988.
Rehearings Denied May 18, 1988.
*1239 Michael E. Allen, Public Defender, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Webster F. McKinnon, pro se.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Webster McKinnon challenges pro se his convictions and sentences for manslaughter and use of a weapon during the commission of a felony, his assistant public defender having filed a brief asserting that he could not, in good faith, argue that the trial court had committed reversible error. We reverse the conviction for use of a weapon during the commission of a felony, and remand for correction of the judgment to reflect reclassification of the manslaughter conviction under section 775.087(1)(b), Florida Statutes (1985), and for resentencing using a corrected sentencing guidelines scoresheet.
Three of the five issues raised by appellant are without merit. The last issue, ineffective assistance of trial and appellate counsel, is not properly raised on appeal, and we do not comment on the merits of this issue. Ineffective assistance of trial counsel is challenged by motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, while ineffective assistance of appellate counsel is challenged by petition for writ of habeas corpus.
However, appellant's assertion that 136 points were improperly assigned on the scoresheet to the primary offense of manslaughter as a first degree felony merits further discussion. The parties were ordered to file supplemental briefs on the related issues of whether section 775.087(1)(b) requires the trial court to correct the judgment to reclassify the manslaughter offense of count I to a first degree felony and if so, whether under Hall v. State, 517 So.2d 678 (Fla. 1988), and Carawan v. State, 515 So.2d 161 (Fla. 1987), appellant can properly be convicted of both the reclassified felony and the count II offense of displaying or using a firearm during the commission of a felony.
Appellant, owner of the "Red Carpet Lounge," was charged with second degree murder and display or use of a firearm during the commission of a felony as a result of the shooting death of a patron of the lounge. The jury found him guilty of manslaughter, a lesser included offense of second degree murder, and of display or use of a weapon during the commission of a felony. Appellant objected to the scoring of the manslaughter offense as a first degree felony, asserting such an "enhancement" was improper without a specific finding that a firearm was used. The judgment does not reflect a reclassification of the manslaughter offense to a first degree felony, although the judge's comments at sentencing indicate that he felt the guilty verdict on count II provided the specific finding required for reclassification.
*1240 The assistant public defender, asserting in his supplemental brief that he has rethought his original position "until his head hurt," argues that section 775.087(1)(b) does not permit the trial court to reclassify the manslaughter offense, because conviction on one count in an information may not be used to enhance the punishment for conviction on another count. In other words, appellant's counsel contends that appellant may be convicted on both counts, but that the manslaughter offense may not be reclassified to a first degree felony.
The State argues that under the instructions given in this case, the jury made sufficient findings regarding the use of a firearm to require the reclassification of the manslaughter offense to a first degree felony, citing State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Fischer v. State, 488 So.2d 145 (Fla. 3d DCA 1986); and Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Notwithstanding Hall and Carawan, the State contends that appellant may be convicted of both the count I reclassified manslaughter and the count II firearms offense, citing State v. Baker, 456 So.2d 419 (Fla. 1984), in which the Carawan court found that the rule of lenity did not apply and that the legislature intended separate punishments for homicide and using a firearm in the commission of a felony.
Section 775.087 mandates that a felony offense "shall be reclassified" whenever during the commission of the felony the defendant "carries, displays, uses, threatens, or attempts to use any weapon or firearm" unless the use of a weapon or a firearm is an essential element of the felony charged. Appellant was charged with second degree murder with a firearm and all lesser included offenses contained within that offense, including manslaughter, which does not include as an element the use of a weapon or firearm. The jury found that appellant used a weapon during the commission of the manslaughter. We find therefore that 136 points were validly assigned for the reclassified first degree felony offense of manslaughter, based on the jury's finding that a firearm was used. Remand is necessary, however, for correction of the judgment to reflect the reclassification of the manslaughter offense.
This raises the question of whether appellant, having been convicted of the reclassified felony mandated by his use of a firearm, can also be convicted of the separate offense of use of a firearm during the commission of a felony. It is important to note that the reclassified offense now includes as one of its elements the use of a firearm.
In Baker, upon which the State relies, the accused was convicted of first degree premeditated murder, which does not include as an element the use of a firearm, and use of a firearm during the commission of a felony. In discussing that case, the Carawan court noted that the two crimes "shared none of the same elements, tending to show that they addressed separate evils."
In the case at issue, under the "presumption of lenity" approach adopted in Carawan, reason dictates that the Florida Legislature did not intend cumulative punishments for two offenses which contain the same element and apparently address the same evil: use of a firearm during the commission of a felony. We therefore reverse the conviction on count II, which will necessitate a recalculation of the sentencing guidelines scoresheet.
The manslaughter conviction is AFFIRMED, the conviction for use of a firearm during the commission of a felony is REVERSED, and the case is REMANDED for correction of the judgment to reflect conviction of a reclassified first degree felony on count I and no separate conviction on count II, and for resentencing using a corrected scoresheet.
MILLS and WENTWORTH, JJ., concur.