528 So.2d 473 (1988)
Eric Dwayne BRADSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. BS-494.
District Court of Appeal of Florida, First District.
July 8, 1988.
Rehearing Denied August 10, 1988.
Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Bradshaw appeals his judgment and sentence for second degree murder, possession of a firearm during the commission of a felony, and attempted first degree murder. We reverse in part and remand.
Bradshaw was tried on an information charging him in Count 1 with first degree premeditated murder, in Count 2 with possession of a firearm during commission of a felony, and in Count 3 with attempted first degree murder. All three charges arose out of a single criminal transaction. The jury found Bradshaw guilty as to Count 1, of second degree murder, as to Count 2, of possession of a firearm during commission of a felony, and as to Count 3, of attempted second degree murder. Bradshaw's judgment is at variance with the jury's verdicts, in that it finds him guilty of second degree murder as to Count 1, guilty of possession of a firearm during commission of a felony as to Count 2, and guilty of attempted first degree murder as to Count 3.
*474 Pursuant to the firearms enhancement statute, § 775.087, Fla. Stat., appellant's conviction for second degree murder was enhanced from a first degree felony to a life felony. The judgment reflects application of the firearms enhancement statute to the conviction on Count 3, as well, so that upon correction of the above-noted error in the judgment it should show enhancement of the attempted second degree murder conviction from a second degree felony to a first degree felony. Upon the enhancement of the murder and attempted murder convictions, the charge of possession of a firearm during commission of a felony became a lesser included offense, so that appellant could not properly be convicted of the firearms possession charge in addition to the murder and attempted murder charges. Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). Accordingly, we vacate Bradshaw's conviction and sentence for possession of a firearm during the commission of a felony, and remand for resentencing. Upon remand the court shall correct its judgment to reflect a conviction on Count 3 of attempted second degree murder rather than attempted first degree murder.
REVERSED and REMANDED.
ERVIN and WIGGINTON, JJ., concur.