528 So.2d 546 (1988)
Anthony F. PAYNE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-13, 87-879.
District Court of Appeal of Florida, First District.
July 22, 1988.
Michael E. Allen, Public Defender, W.C. McLain and Sharon Bradley, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant appeals his convictions in two separate cases on twenty-eight charges, including fourteen counts of use of a firearm in the commission of a felony, section 790.07, Florida Statutes. We have consolidated the two cases for purposes of this opinion, based on the common issues raised. We affirm as to all issues raised except for the firearm charges. In light of Hall v. State, 517 So.2d 678 (Fla. 1988), Carawan v. State, 515 So.2d 161 (Fla. 1987), Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) and McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), we reverse all fourteen convictions for possession of a firearm during the commission of a felony. Each of these charges was predicated on appellant possessing a firearm while committing a felony which either included as an element the use of a firearm or was reclassified by its degree under section 775.087, Florida Statutes, based on the use of a firearm.
Having reviewed the sentencing guidelines scoresheets in each case to determine the impact of such reversal, we are unable to evaluate what effect there may be on the recommended sentence. We also note that the scoresheet in Case No. 87-879 includes several additional counts above the number of convictions in the case, the *547 origins of which are unclear. On remand, the trial court is to consider the effect, if any, of this partial reversal on the recommended sentence and on the sentences imposed in each case.
Therefore, the fourteen convictions and sentences for possession of a firearm during the commission of a felony are VACATED. The remaining convictions are AFFIRMED. The case is REMANDED for proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.