530 So.2d 401 (1988)
Kenneth Michael ROSE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1829.
District Court of Appeal of Florida, First District.
August 22, 1988.
Michael E. Allen, Public Defender, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Kenneth Michael Rose appeals his convictions on seven charges, including a charge of possession of a firearm during the commission of a felony pursuant to section 790.07, Florida Statutes (1985). We affirm as to the issue of prosecutorial misconduct. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In light of Hall v. State, 517 So.2d 678 (Fla. 1988), Carawan v. State, 515 So.2d 161 (Fla. 1987), Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988), and McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), we reverse the conviction for possession of a firearm during the commission of a felony.
Having reviewed the sentencing guidelines scoresheet to determine the impact of such reversal, we find that resentencing is unnecessary. Appellant's guidelines point total is 392, calling for a life sentence. Removal of the conviction for possession of a firearm during the commission of a felony, which is a second degree felony, will reduce the point total to 389, still within the life sentence range.
*402 The conviction for possession of a firearm during the commission of a felony is VACATED with directions to the trial court to correct the judgment and sentence. The remaining convictions and the sentence are AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.