530 So.2d 519 (1988)
Warren Walter CLARK, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 88-1548.
District Court of Appeal of Florida, Fifth District.
September 8, 1988.
Sharon Bradley of Daley and Miller, Tallahassee, for petitioner.
No Response for respondents.
DAUKSCH, Judge.
Petitioner seeks our writ of habeas corpus[1] alleging he suffered ineffective assistance of appellate counsel when his lawyer filed an Anders[2] brief in this court and failed to raise an alleged double jeopardy violation. We deny the writ.
When the court-appointed appellate counsel filed his brief he said, pursuant to Anders, that he could find nothing to appeal about and asked to be allowed to withdraw *520 as counsel. He said that the only basis upon which petitioner sought a judgment of acquittal, as a matter of law from the trial court, was the alleged lack of proof of premeditated design. No double jeopardy issue had been raised below. That notwithstanding, the records of this court reveal that this court sua sponte raised and considered the double jeopardy issue and, based upon law current at the time, decided against petitioner. See Vause v. State, 476 So.2d 141 (Fla. 1985) and State v. Rodriquez, 500 So.2d 120 (Fla. 1986).
After this petitioner's case was decided on plenary appeal our Supreme Court made its decision in Carawan v. State, 515 So.2d 161 (Fla. 1987) which would have affected this petitioner had it been the law when his appeal was considered. Carawan was not the law then and it is not the law now because the legislature has amended section 775.021(4) to permit multiple convictions for crimes arising out of a "single evil." In this case petitioner shot a single shot and was convicted and sentenced for attempted murder one,[3] shooting into an occupied building[4] and being a person engaged in a criminal offense with a weapon.[5]
Nothing in Carawan makes it applicable to this case now, in our opinion, because it was not specifically retroactive to prior convictions, did not mention Vause which was directly on point and the legislature has spoken to make clear its intent in section 775.021(4), Florida Statutes. See Ch. 88.131, sec. 7 (FLW Session Law Rptr. July 4, 1988).[6]
PETITION DENIED.
DANIEL, J., concurs.
SHARP, C.J., concurs in result only.
NOTES
[1] Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985); Knight v. State, 394 So.2d 997 (Fla. 1981).
[2] Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).
[3] §§ 782.04(1)(a)1, 777.04(4)(a), 775.087, Fla. Stat.
[4] § 790.19, Fla. Stat.
[5] § 790.07, Fla. Stat.
[6] See also Marshall v. Dugger, 526 So.2d 143 (Fla. 3d DCA 1988) (appellate counsel not ineffective for failing to anticipate a change in the law).