530 So.2d 1104 (1988)
Richard ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1621.
District Court of Appeal of Florida, Third District.
September 20, 1988.
Bennett H. Brummer, Public Defender, and Howard E. Landau, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford and Steven T. Scott, Asst. Attys. Gen., for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
A jury found the defendant guilty of a) attempted first-degree felony murder, b) armed robbery, and c) unlawful possession of a firearm during the commission of a felony. He appeals both the convictions and the sentence.
We reject the claim that the conviction for the felony of armed robbery, as well as for attempted first-degree felony murder, resulted in an impermissible dual punishment. Armed robbery and attempted first-degree felony murder constitute separate statutory offenses consisting of separate and distinct elements. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Because there is a complete absence of any clear legislative intent to treat these two offenses as equivalent, it was proper to convict and sentence the defendant on both charges. Hall v. State, 517 So.2d 678 (Fla. 1988); Carawan v. State, 515 So.2d 161 (Fla. 1987).
We agree with the defendant's claim, which is conceded by the state, that it was improper to convict him for unlawful possession of a firearm in the commission of a crime in view of his other allied convictions. Carawan; Hall. Although the defendant's conviction must be modified, it does not affect the sentence actually imposed upon him by the trial judge.
The other points raised are without merit.
As modified, the defendant's conviction and sentence are affirmed.