531 So.2d 748 (1988)
Patrick TEEMER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1489.
District Court of Appeal of Florida, Fifth District.
October 6, 1988.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
SHARP, C.J., and COBB, J., concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant pulled a concealed firearm and shot a victim twice in the back, killing him, as a result of which he was convicted of the offense of manslaughter (§ 782.07, Fla. Stat.); the offense of use of a firearm during the commission of a felony (§ 790.07(2), Fla. Stat.); and the offense of carrying *749 a concealed firearm (§ 790.01(2), Fla. Stat.). In light of Hall v. State, 517 So.2d 678 (Fla. 1988); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988); State v. Crumley, 512 So.2d 183 (Fla. 1987); Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988); Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988); Hartley v. State, 531 So.2d 990 (Fla. 1st DCA 1988); Hall v. State, 530 So.2d 1066 (Fla. 1st DCA 1988); Rose v. State, 530 So.2d 401 (Fla. 1st DCA 1988); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1987); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Taylor v. State, 391 So.2d 788 (Fla. 1st DCA 1980), and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), the conviction of use of a firearm during the commission of the manslaughter should be reversed.
As to the basic double jeopardy problem involved in convicting for both the necessary underlying felony and the ancillary firearm offense proscribed by section 790.07(2), Florida Stautes, see the dissent in Baker v. State, 425 So.2d 36, 62 n. 46 (Fla. 5th DCA 1982) and the specially concurring opinion in O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984) which was concerned with State v. Gibson, 452 So.2d 553 (Fla. 1984). As recognized by Harris v. State, 520 So.2d 639 (Fla. 1st DCA 1988), Hall, supra, overruled State v. Gibson, supra.
The answer to the feeling that the defendant would receive no punishment for the use of a firearm is that the trial court should, under section 775.087(1)(b), Florida Statutes, reclassify the manslaughter offense (a second degree felony) to a first degree felony, and enhance his sentence accordingly rather than convict and sentence on the possession of a firearm offense. See O'Brien, McKinnon and Hartley.
Also, carrying a concealed firearm, a separate offense under section 790.01(2), Florida Statutes, while committing a felony, is, as charged in this case, one of the ways of violating section 790.07(2), Florida Statutes. As to one factual event, the defendant cannot be convicted of both offenses.
Chap. 88-131, sec. 7 (Florida Session Law Reporter July 4, 1988 at 573) amending a part of section 775.021(4), Florida Statutes (purportedly to eliminate one of the rational bases for the opinion in Carawan v. State, 515 So.2d 161 (Fla. 1987)) cannot, and does not, abolish the double jeopardy clauses of the state and federal constitutions nor the case law construing the meaning and application of those constitutional provisions. Furthermore, that statutory amendment expressly excepts from its interpretation of section 775.021(1), Florida Statutes, "[o]ffenses which require identical elements of proof" and "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense," which exceptions recognize the application of double jeopardy concepts to the offenses in this case.