PER CURIAM.
T.J. was adjudicated delinquent because, among other things,[1] of his participation in hurling a rock through an automobile windshield. Based on that occurence, he was found guilty of the offenses of throwing a deadly missile into an occupied conveyance, culpable negligence and criminal mischief. He contends, on the authority of Carawan v. State, 515 So.2d 161 (Fla.1987),[2] that this “single act” could constitutionally give rise to no more than a single conviction. We agree only in part.
It is settled under the Carawan rationale that the offenses of throwing a deadly missile into an occupied conveyance, § 790.19, Fla.Stat. (1987), which protects against the danger of death or great bodily harm, and criminal mischief, § 806.13, Fla. Stat. (1987), which is désigned to prevent property damage, do not serve to remedy the same evil and that separate convictions of these crimes are thus constitutionally supportable. Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981); cf. Wilcher v. State, 524 So.2d 1105 (Fla. 3d DCA 1988).
The opposite is the case with respect to the culpable negligence charge, § 784.05, Fla.Stat. (1987). It is established that this crime is essentially identical to the deadly missile offense so that simultaneous adjudications may not stand. Anderson v. State, 530 So.2d 1104 (Fla. 3d DCA 1988); see Taylor v. State, 444 So.2d 931 (Fla.1983); Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978).
Accordingly, the adjudication is modified by striking the reference to the offense of culpable negligence and is otherwise affirmed.

. The appellant does not challenge his adjudication for the separate offense of resisting arrest without violence.

. This case arose prior to the July 1, 1988 effective date of the at least partial “repeal" of Cara-wan by Ch. 88-131, § 7, Laws of Fla.