FRANK, Acting Chief Judge.
The defendant, who had been convicted of both possession of and trafficking in cocaine, has raised two issues for our consideration.
First, Alvarez contends that certain trial testimony of a detective at trial was an impermissible comment on the defendant’s right to remain silent: “I read him his rights and asked him if he understood his rights and he said that he did, but he wished to remain silent.” The impermissible comment, however, triggers the harmless error test of State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Our examination of the entire record reveals not a shred of evidence that might have swayed the jury to acquit Alvarez; and there exists not even the slightest probability that the error contributed to the verdict.
Alvarez’ second contention, grounded upon double jeopardy, does have merit. Alvarez was convicted of and sentenced for both possession and trafficking in contravention of the result reached in Carawan v. State, 515 So.2d 161, 170 (Fla.1987): “Thus, although a defendant may be convicted of both sale and possession under the appropriate circumstances, a defendant cannot be convicted of trafficking as well as sale and/or possession.” Although the state has urged that an amendment to section 775.021, Florida Statutes,* embodying the “rule of lenity,” essentially overturns that aspect of Carawan in which resort to legislative intent may be warranted, the effective date of the statute was July 1, 1988; thus it is inapplicable to this case. Moreover, even if the statute were given a retrospective application, it provides several exceptions, one of which embodies the possession/trafficking situation. Accordingly, Alvarez’ convictions for both possession and trafficking cannot stand.
We reverse Alvarez' conviction for possession of cocaine and remand for the trial court to vacate the sentence for possession. In all respects, the conviction for trafficking is affirmed.
THREADGILL and PARKER, JJ., concur.

The amendment provides:
775.021. Rules of construction
[[Image here]]
4(b) The intent of the Legislature is to convict and sentence each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which tire degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
1988 Fla.Sess.Law Serv. Ch. 88-131, § 7 (West).