536 So.2d 361 (1988)
Carl E. HURD, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1251.
District Court of Appeal of Florida, Third District.
December 27, 1988.
Rehearing Denied February 7, 1989.
*362 Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before HUBBART and FERGUSON, JJ., and SCOTT, ROBERT, Associate Judge.
FERGUSON, Judge.
Appellant, Carl E. Hurd, was convicted and sentenced on an information charging aggravated battery by use of a deadly weapon, "to wit: a revolver or pistol" in violation of section 784.045(1)(b). In a separate count of the information he was charged with the use of a firearm while committing a felony, "to wit: aggravated battery," in violation of section 790.07(2). The concurrent eight-year sentences imposed included a mandatory three-year minimum incarceration for use of a firearm in committing the aggravated battery offense. Relying on Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988), the appellant argues that the conviction and sentence for both offenses constitutes multiple punishment for the same conduct. We agree.
The Florida supreme court in Borges v. State, 415 So.2d 1265 (Fla. 1982), adopted the Blockburger[1] double jeopardy test, codified in section 775.021(4), Florida Statutes (1987), for determining whether two or more incidents arising out of a single criminal transaction are separate punishable offenses:
For the purpose of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
Under a Blockburger analysis, Hurd's two offenses are not separate. The elements of aggravated battery are (1) the commission or attempted commission of a battery, (2) by use of a deadly weapon. The weapons statute, 790.07, is styled "Persons engaged in criminal offenses, having weapons." Subsection (2), the relevant provision, requires proof that the accused (1) committed a felony, (2) using a firearm. Aggravated battery is a felony. See § 784.045(2). A firearm is a deadly weapon. See § 812.13(2)(a). Disregarding the accusatory pleadings and the proof, there is no difference between the two offenses. Both statutes proscribe and punish the same evil, Hall v. State, 517 So.2d 678 (Fla. 1988); Burton v. State, 522 So.2d 88 (Fla. 5th DCA 1988), therefore, the sentence and conviction for the lesser offense, use of a firearm in the commission of a felony, cannot stand. Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA) (the greater offense is the one which carries the more severe penalty), rev. denied, 458 So.2d 274 (Fla. 1984).[2]
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] Aggravated battery is a second-degree felony punishable by a term of imprisonment not exceeding fifteen years. Use of a firearm in the commission of a felony is a third-degree felony punishable by a maximum of five years of imprisonment.