DANAHY, Judge.
The appellant presents three issues in this appeal from his convictions and sentences for first degree burglary and aggravated battery. We find no merit in the appellant’s first issue in which he contends that the trial judge erred in scoring victim injury points as “severe” instead of “moderate.” While we likewise find no merit in the appellant’s second issue concerning a double jeopardy violation, we discuss it further below. The appellant’s third contention, that the trial judge departed from the sentencing guidelines on the sole ground of the appellant’s status as an habitual offender, is meritorious and warrants reversal of his sentence.
We turn initially to the appellant’s double jeopardy issue. In an amended information the state charged the appellant with one count of first degree burglary in *1142 violation of section 810.02, Florida Statutes (1983), by unlawfully entering the dwelling of the victim and, while in the course thereof, making an assault upon her by threatening to strike her. In a second count, the state further charged the appellant with commission of aggravated battery occurring during the same criminal episode by causing bodily harm to the victim with a deadly weapon in violation of section 784.-045, Florida Statutes (1983). After a trial by jury the appellant was found guilty of both counts and sentenced for each. In this appeal, he claims that the convictions and sentences for these two particular crimes constitute a violation of his constitutional double jeopardy rights. To support this claim he cites to the Florida Supreme Court case of Carawan v. State, 515 So.2d 161 (Fla.1987). Carawan, however, does not support the appellant in this regard. Moreover, we note that subsequent to Ca-rawan, the legislature amended section 775.021(4), Florida Statutes (1983), to clarify its intent in sentencing in cases of multiple convictions for separate crimes committed during the course of one criminal episode or transaction. Ch. 88-131, § 7, Laws of Fla. Consistent with constitutional double jeopardy safeguards, the legislature outlined three categories of offenses in which it would be impermissible to sentence separately:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In. examining the elements and requisite proofs of the two crimes of burglary/assault and aggravated battery, as Carawan and the amended statute direct us to do, we do not find that the proofs are identical in the appellant’s case nor that the statutory elements of one of the appellant’s charged crimes subsume those of the other. Thus, the appellant cannot fall into either the first or the third categories, the only relevant categories which might provide him relief. Accordingly, we find no error as to this issue.
We do find reversible error on the departure sentence issue. The appellant was sentenced after our supreme court issued its decision and opinion in Whitehead v. State, 498 So.2d 863 (Fla.1986). Whitehead held that it is error to depart from the recommended sentencing range because the defendant has been adjudged an habitual offender. The trial court used the appellant’s status as an habitual offender as its sole reason to depart from the recommended guidelines range, a clear violation of Whitehead. We add that this case does not fall into the only exception to the Whitehead rule outlined by the supreme court in Winters v. State, 522 So.2d 816 (Fla.1988).
The appellant’s convictions for first degree burglary and aggravated battery are affirmed, his sentences are vacated, and the case is remanded for resentencing within the recommended range.
RYDER, A.C.J., and SCHOONOVER, J., concur.