538 So.2d 116 (1989)
James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-983.
District Court of Appeal of Florida, Fifth District.
February 9, 1989.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Ann Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
Defendant, James Brown, has taken this appeal from his judgment and sentence of fifteen years imprisonment entered by the trial court after a jury found him guilty of committing the offenses of attempted manslaughter[1] and use of a firearm in commission of a felony.[2]
*117 On November 3, 1987, defendant shot and wounded Officer Robert A. Bond, a plainclothes police officer who was pursuing defendant on foot in an attempt to arrest him. As a result of this shooting an information was filed charging defendant with committing the offenses of attempted murder[3] and use of a firearm in commission of a felony. Following a one day trial, the jury returned a verdict finding defendant guilty of the firearm offense as well as attempted manslaughter, a lesser included offense of the attempted murder charge. The trial court entered judgment on both charges. Before imposing sentence on defendant, the trial court reclassified the attempted manslaughter charge from a second degree felony to a first degree felony by reason of defendant's use of a firearm in the commission of the crime. § 775.087, Fla. Stat. (1987). The court then departed from the recommended sentencing guideline range of three to seven years imprisonment and sentenced defendant to fifteen years imprisonment on the attempted manslaughter conviction. The court did not impose sentence on the firearm conviction.
As its reason for departure, the court stated that the victim in this case was a police officer on duty at the time of the commission of the offenses. Our supreme court has ruled that this is a valid reason for departure. State v. Baker, 483 So.2d 423 (Fla. 1986). Having reclassified the attempted manslaughter charge from a second degree felony to a first degree felony by reason of the defendant's use of a firearm, the judgment on the firearm charge should have been vacated. Accordingly, we affirm the judgment and sentence for attempted manslaughter[4] and vacate the judgment on the lesser charge of use of a firearm in commission of a felony.
AFFIRMED in part; VACATED in part.
ORFINGER, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially.
The authority for vacating the defendant's separate conviction for use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.), when the factual basis for that conviction is but one aspect of a single factual event which was also the basis for the defendant's conviction for the offense of attempted manslaughter (§§ 782.07, 777.04(1), Fla. Stat.), (i.e., when two statutory offenses are based on one and the same single, individual act), is the double jeopardy clause contained in Article 1, Section 9, of the Constitution of the State of Florida; Hall v. State, 517 So.2d 678 (Fla. 1988); Carawan v. State, 515 So.2d 161 (Fla. 1987) and the following district court of appeal cases, which are directly in point: Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988); Hartley v. State, 531 So.2d 990 (Fla. 1st DCA 1988); Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988); Rose v. State, 530 So.2d 401 (Fla. 1st DCA 1988); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988); Middleton v. State, 529 So.2d 357 (Fla. 1st DCA 1988), cause dismissed, 534 So.2d 401 (Fla. 1988); Payne v. State, 528 So.2d 546 (Fla. 1st DCA 1988); Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Cooper v. State, 524 So.2d 738 (Fla. 1st DCA 1988); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988); Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988); Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988); Anderson v. State, 530 So.2d 1104 *118 (Fla. 3d DCA 1988); Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988); Evans v. State, 528 So.2d 125 (Fla. 3d DCA 1988); Torres v. State, 527 So.2d 272 (Fla. 3d DCA 1988), rev. denied, 536 So.2d 246 (Fla. 1988); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988); Brown v. State, 529 So.2d 1247 (Fla. 4th DCA 1988); Prescott v. State, 529 So.2d 302 (Fla. 4th DCA 1988); Sapp v. State, 522 So.2d 1006 (Fla. 4th DCA 1988). Contra, Teemer v. State, 531 So.2d 748 (Fla. 5th DCA 1988); Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988).
See also Bogard v. State, 451 So.2d 484 (Fla. 4th DCA 1984); Alvarez v. State, 445 So.2d 677 (Fla. 4th DCA 1984) and Jackson v. State, 436 So.2d 1101 (Fla. 4th DCA 1983). The point of citing Jackson, Bogard and Alvarez is that those cases were disapproved by the supreme court in State v. Gibson, 452 So.2d 553 (Fla. 1984), but when Carawan disapproved Gibson, the rationale of Jackson, Bogard and Alvarez was effectively revitalized and that rationale was based on intrepretation of the constitutional double jeopardy clause, entirely independent of any rationale based on "intent of the legislature" as to the purpose of a particular statutory offense or the purpose of the codified "rule of lenity" in criminal cases, which matters were used as alternative bases for the decision in Carawan. It was these alternative and superfluous reasons for the holding in Carawan that apparently caused the passage of Ch. 88-131 § 7, Laws of Florida 1988. The effect of that statutory amendment on the double jeopardy analysis and holding in Carawan has concerned some judges.[1]See the specially concurring opinions in O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984) and Burton v. State, 522 So.2d 88 (Fla. 5th DCA 1988) and the dissent in Teemer v. State, 531 So.2d 748 (Fla. 5th DCA 1988). Compare Wright, Richardson, Cardwell, Neal (527 So.2d 966), Willingham and Crayton, with the inconsistent holdings in Clark and Teemer.
NOTES
[1] §§ 782.07, 777.04(1) Fla. Stat. (1987).
[2] § 790.07, Fla. Stat. (1987).
[3] §§ 782.04, 777.04(1), Fla. Stat. (1987).
[4] Defendant also challenges the validity of the trial court's other reason for imposing a departure sentence. Review of this issue is not necessary since the Legislature has stated that a departure sentence can be upheld when at least one circumstance or factor justifies the departure. § 921.001(5), Fla. Stat. (1987).
[1] See Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988); McCray v. State, 531 So.2d 408 (Fla. 1st DCA 1988); the dissent in Teemer v. State, 531 So.2d 748 (Fla. 5th DCA 1988); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988); T.J. v. State, 534 So.2d 811 (Fla. 3d DCA 1988); Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988); Alvarez v. State, 535 So.2d 341 (Fla. 2d DCA 1988); Johnson v. State, 535 So.2d 651 note 3 (Fla. 3d DCA 1988); Roundtree v. State, 536 So.2d 1141 (Fla. 2d DCA 1988).