CORRECTED OPINION
PER CURIAM.
The defendant-appellant was convicted of first degree murder; attempted first degree murder, which was scored and treated as a life felony under section 775.087(1), Florida Statutes (1987) because a firearm was involved; and possession of a firearm in the commission of the attempted murder. We find no merit in his pro se challenge to the murder conviction and sentence and turn to the claims of error in the possession conviction and the upward departure sentence of life imprisonment (concurrent with the capital life sentence for the first degree murder) imposed on the attempted murder charge.
We first hold, as we have repeatedly in the past, that the conviction on the firearm charge, which is duplicitous of the attempted first degree murder conviction as enhanced by the use of a firearm, cannot independently stand. See Mozqueda v. State, 541 So.2d 777 (Fla. 3d DCA 1989). Accordingly, the possession of a firearm conviction is vacated.
Even though the ground orally announced for departure, the conviction of a capital felony, is entirely appropriate, see Hansbrough v. State, 509 So.2d 1081, 1088 (Fla.1987), we also conclude that, because no written departure order was entered below, the attempted murder sentence must be remanded for that to be done. See State v. Albelo, 541 So.2d 778 (Fla. 3d DCA 1989); Padgett v. State, 534 So.2d 1246 (Fla. 3d DCA 1988).
Affirmed in part, vacated in part and remanded.