548 So.2d 755 (1989)
Alan Ancrum SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1220.
District Court of Appeal of Florida, Fifth District.
August 31, 1989.
*756 James B. Gibson, Public Defender and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Fleming Lee, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Smith appeals his convictions and sentences for aggravated assault with a deadly weapon without intent to kill[1] and possession of a firearm in the commission of a felony (specifically, the aggravated assault charge).[2] He was sentenced to two concurrent three-year terms of imprisonment. We affirm the firearm conviction, reverse the aggravated assault conviction and sentence, and remand for resentencing on the firearm offense.
The record establishes that on April 5, 1987 Smith drove to a gas station and entered a store. After leaving the store, he walked up to the victim, pulled out a gun, and held it at the victim's side or arm. He spoke to the victim for approximately five minutes, and then got back into his car and drove away. The two criminal charges relate to the same five-minute interval during which Smith held a gun on the victim. The aggravated assault conviction was established by proof that Smith pointed a firearm at the victim. The use of a firearm in the commission of a felony conviction encompasses solely the same assault with the gun.
One of the two convictions must be vacated because multiple convictions in this case violate section 775.021(4), Florida Statutes (1987) and Carawan v. State, 515 So.2d 161 (Fla. 1987). We do not rest our decision on double jeopardy grounds under the United States or Florida constitutions, which possibly could be invoked, because this case can be resolved on the basis of statutory interpretation and Florida case law.
In Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Court held that the federal double jeopardy provision does not prevent multiple punishments for the same offense in the context of a single trial, if the state legislature or Congress expressly authorizes it. One implication of language used by the Court in Missouri v. Hunter is that if a legislature does not expressly authorize multiple punishments for the same crime in a single trial setting, the federal double jeopardy provision will bar it.[3] However, such a case involving state law has yet to be decided. In Missouri v. Hunter, express intent for multiple punishments was found, and the United States double jeopardy provision was held inapplicable:
We are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the double jeopardy clause, and we reject its legal conclusion.
459 U.S. at 369, 103 S.Ct. at 673.
In Florida the state legislature has expressly stated it intends to apply a Blockburger *757 test to multiple punishments in a single trial setting. § 775.021(4)(a), Fla. Stat. (Supp. 1988). Prior to the effective date of the amendment to that provision, an even broader legislative intent to bar multiple prosecutions was found by Carawan. Carawan applied a principle of lenity for a single criminal act which resulted in a single evil. It swept far broader than the Blockburger test.
Carawan's principle of lenity was subsequently rejected by the Florida legislature when it enacted section 7, Chapter 88-131, Laws of Florida. But this amendment does not apply to offenses committed prior to its July 1, 1988 effective date.[4] The offenses in this case predate the statutory amendment. Thus Carawan and section 775.021(4) bar conviction for both offenses in this case.[5] Even if the amendment were applicable to this case, the strict Blockburger test would bar conviction and punishment for both crimes.
The next question to be resolved is which is the "lesser sentence" or "lesser crime" to be reversed. See State v. Barton, 523 So.2d 152, 153 (Fla. 1988). Possession of a firearm in the commission of a felony is a second degree felony for which the potential maximum term of imprisonment cannot exceed fifteen years. Aggravated assault is a third degree felony for which the potential maximum term of imprisonment is five years. See § 775.082(3)(c) & (d), Fla. Stat. However, the aggravated assault crime carries a minimum mandatory sentence of three years, but the possession charge lacks a minimum mandatory sentence. Based on Smith's "score" under the sentencing guidelines, the possession of a firearm charge results in a presumptive sentence of "any nonstate" prison sanction. In sum, the dilemma in this case is that the actual guidelines punishment for the "greater felony" is less than that for the "lesser felony."
Under these circumstances, the aggravated assault conviction should be vacated because it is the lesser "degree" crime. This is because under the possession count Smith could have been sentenced up to a term of fifteen years, if the guidelines so permitted or if reasons for departure existed. Whereas five years is the statutory maximum for the aggravated assault crime. This is the generally accepted method of distinguishing the greater from the lesser crime in a Carawan situation. In Isaac v. State, 134 So.2d 38, 39 (Fla. 2d DCA 1961), overruled on other grounds, Skov v. State, 292 So.2d 64 (Fla. 2d DCA), cert. denied, 298 So.2d 165 (Fla. 1974), the court stated: "The character of the offense is determined by the nature of the punishment; the maximum punishment to which accused is liable to be subjected is the test by which the degree of the crime must be determined." (emphasis supplied)
This dilemma was also addressed by our sister court in Gibbons v. State, 540 So.2d 144, 145 (Fla. 4th DCA 1989). The state argued that the "nature of the punishment" imposed for the two crimes should be taken into account in determining which is the lesser offense in applying the analysis set forth in Barton. The Fourth District rejected this view, holding that the "appropriate yardstick is the offense, not the punishment." In his dissent, Judge Stone disagreed:
Notwithstanding the wording in Barton, there is no reason why the trial judge, at the state's request, should not be allowed to impose judgment on the count that would result in the defendant receiving the toughest sentence. Nor is there any reason to allow the defendant to benefit from the lesser sentence simply because one of the two convictions cannot stand under Carawan.

Gibbons, 540 So.2d at 146. While we sympathize with Judge Stone's viewpoint, we believe that the supreme court's language *758 in Barton is controlling. However, we certify the following question as one which will have a great effect on the administration of justice:[6]
WHEN ONE OF TWO CONVICTIONS MUST BE REVERSED UNDER SECTION 775.021(4), SHOULD THE TRIAL COURT IMPOSE JUDGMENT ON THE COUNT THAT WOULD RESULT IN THE DEFENDANT RECEIVING THE LONGEST OR MOST SEVERE SENTENCE UNDER THE GUIDELINES OR OTHER APPLICABLE STATUTES (WITHOUT REGARD TO A POSSIBLE DEPARTURE SENTENCE) RATHER THAN THE LESSER DEGREE CRIME, WHICH CARRIES THE LEAST STATUTORY MAXIMUM SENTENCE?
Accordingly, we affirm Smith's conviction for possession of a firearm in the commission of a felony and we reverse his conviction and sentence for aggravated assault. Because the aggravated assault conviction is vacated and it was calculated in the scoresheet used at sentencing, we remand for resentencing on the conviction for possession of a firearm in the commission of a felony.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB, J., concurs in result; concurs with certification of question to supreme court.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
At one place the defendant pointed one gun one time at one person. Based on this one nuclear indivisible act, the defendant was convicted and sentenced for two offenses: (1) aggravated assault with a firearm (§ 784.021(1)(a), Fla. Stat.) and (2) the use of a firearm in the commission of a felony [to-wit: aggravated assault] (§ 790.07(2), Fla. Stat.)
The defendant's conviction for the ancillary[1] offense of use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.) should be reversed because the factual basis for that conviction in this case is but one facet or definable aspect of a single factual event (one nuclear act  not some combination of acts called a transaction or episode) which single act was also the entire factual basis for the defendant's conviction for the primary underlying offense of aggravated assault with a firearm (§ 784.021(1)(a), Fla. Stat.). Multiple criminal convictions based on charging a single nuclear act as violations of two or more *759 statutory offenses which are not substantively different violate the double jeopardy clause contained in Article 1, Section 9, of the Constitution of the State of Florida. The proper authority for the reversal as to the firearms offense conviction in this case is the above constitutional double jeopardy principle as applied in the following 70 cases, all of which reverse convictions for the ancillary weapons or firearms offense (§ 790.07(1) or (2), Fla. Stat.) when the defendant was also convicted of the necessary underlying "primary" felony offense to which the weapons or firearms offense was ancillary:

SUPREME COURT:
Hall v. State, 517 So.2d 678 (Fla. 1988).

FIFTH DISTRICT COURT OF APPEAL:[2]
Kelly v. State, 14 F.L.W. 1678 (Fla. 5th DCA July 13, 1989); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla. 1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).

FIRST DISTRICT COURT OF APPEAL:[3]
Hammonds v. State, 14 F.L.W. 1793 (Fla. 1st DCA Aug. 2, 1989; Musico v. State, 545 So.2d 964 (Fla. 1st DCA 1989); Grantham v. State, 545 So.2d 945 (Fla. 1st DCA 1989); Vance v. State, 545 So.2d 398 (Fla. 1st DCA 1989); Kelley v. State, 543 So.2d 286 (Fla. 1st DCA 1989); Payne v. State, 538 So.2d 1302 (Fla. 1st DCA 1989), jurisdiction accepted, 544 So.2d 201 (Fla. 1989); Ellison v. State, 538 So.2d 90 (Fla. 1st DCA 1989); Denmark v. State, 538 So.2d 68 (Fla. 1st DCA 1989), rehearing denied, 544 So.2d 266 (Fla. 1st DCA 1989); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988), rev. denied, 541 So.2d 1173 (Fla. 1989); Hartley v. State, 531 So.2d 990 (Fla. 1st DCA 1988); Neal v. State, 531 So.2d 410 (Fla. 1st DCA 1988); Rose v. State, 530 So.2d 401 (Fla. 1st DCA 1988); Hogan v. State, 529 So.2d 1127 (Fla. 1st DCA 1988); Middleton v. State, 529 So.2d 357 (Fla. 1st DCA 1988); cause dismissed, 534 So.2d 401 (Fla. 1988); Payne v. State, 528 So.2d 546 (Fla. 1st DCA 1988); Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988); Bradshaw v. State, 528 So.2d 473 (Fla. 1st DCA 1988); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Cooper v. State, 524 So.2d 738 (Fla. 1st DCA 1988); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), quashed, 540 So.2d 111 (Fla. 1989).

SECOND DISTRICT COURT OF APPEAL:
Emmons v. State, 546 So.2d 69 (Fla. 2d DCA 1989); Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988).

THIRD DISTRICT COURT OF APPEAL:
Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989); Ambroa v. State, 547 So.2d 294 (Fla. 3d DCA 1989); Sands v. State, 547 So.2d 293 (Fla. 3d DCA 1989); State v. Finney, 550 So.2d 1141 (Fla. 3d DCA 1989); Joseph v. State, 547 So.2d 249 (Fla. 3d DCA 1989); Jones v. State, 546 So.2d 126 (Fla. 3d DCA 1989); Holsey v. State, 544 So.2d 342 (Fla. 3d DCA 1989); Gonzalez v. State, 543 So.2d 386 (Fla. 2d DCA 1989); Morales v. State, 541 So.2d 1289 (Fla. 3d DCA 1989); Anderson v. State, 541 So.2d 797 (Fla. 3d DCA 1989); Mozqueda v. State, 541 So.2d 777 (Fla. 3d DCA 1989); Ahlberg v. State, 541 So.2d 775 (Fla. 3d DCA 1989); Dowding v. State, 541 So.2d 771 (Fla. 3d DCA 1989); Barnes v. State, 541 So.2d 166 (Fla. 3d DCA 1989); Tundidor v. State, 541 So.2d 165 (Fla. 3d DCA 1989); Bouie v. *760 State, 540 So.2d 925 (Fla. 3d DCA 1989); Sarduy v. State, 540 So.2d 203 (Fla. 3d DCA 1989); Smith v. State, 539 So.2d 601 (Fla. 3d DCA 1989); Williams v. State, 539 So.2d 35 (Fla. 3d DCA 1989); Jean v. State, 538 So.2d 153 (Fla. 3d DCA 1989); Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988); Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988), jurisdiction accepted, 545 So.2d 869 (Fla. 1989); Viera v. State, 532 So.2d 743 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 991 (Fla. 1989); Anderson v. State, 530 So.2d 1104 (Fla. 3d DCA 1988); Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988); Evans v. State, 528 So.2d 125 (Fla. 3d DCA 1988); Torres v. State, 527 So.2d 272 (Fla. 3d DCA 1988), rev. denied, 536 So.2d 246 (Fla. 1988); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988).

FOURTH DISTRICT COURT OF APPEAL:
Higgins v. State, 545 So.2d 973 (Fla. 4th DCA 1989); Williams v. State, 546 So.2d 1120 (Fla. 4th DCA 1989); Gunn v. State, 546 So.2d 115 (Fla. 4th DCA 1989); Wright v. State, 546 So.2d 96 (Fla. 4th DCA 1989); Mitchell v. State, 543 So.2d 292 (Fla. 4th DCA 1989); Peterson v. State, 542 So.2d 417 (Fla. 4th DCA 1989); Cherry v. State, 540 So.2d 146 (Fla. 4th DCA 1989); Prescott v. State, 529 So.2d 302 (Fla. 4th DCA 1988); Sapp v. State, 522 So.2d 1006 (Fla. 4th DCA 1988).
Reaching the conclusion that the defendant in this case cannot be convicted of both the underlying felony offense of aggravated assault with a firearm (§ 784.021(1)(a), Fla. Stat.) and the ancillary firearms offense (§ 790.07(2), Fla. Stat.), the majority opinion, citing State v. Barton, 523 So.2d 152 (Fla. 1988) elects to vacate the underlying offense of aggravated assault rather than the firearms offense because the statutory punishment for the firearms offense is a second degree felony subject to 15 years imprisonment and the statutory punishment for aggravated assault is a third degree felony subject to five years imprisonment. Certainly in a regular case where for any reason one of two otherwise valid convictions must be vacated, and there is no significant substantive relationship between the two offenses underlying the two convictions, and one conviction is subject to more punishment than the other, the one with the less punishment should be vacated, as Barton holds. However, when the substantive nature and character of two criminal offenses are being compared for double jeopardy, due process, or other analytical purposes, the quantity or quality of punishment provided by the legislature for violation of the particular criminal offense does not determine the substantive nature or character of either offense nor does it determine the innate relationship between two offenses. This is another of those difficult substantive versus form legal problems in law and the nature and character of a criminal offense and its true relationship to another offense must be considered a matter of substance and not form; otherwise there will be no certainty in the law because form, as distinguished from substance, can be manipulated to achieve a result. The substantive nature and character of a criminal offense is always determined by analysis of its constituent elements and not by reference to, or analysis of, the punishment that the legislature provides for each offense. This is true as to the lesser-greater offense concept in each of the several different contexts in which that lesser-greater concept is used. See notes 1 and 5 herein. It must also be true as to fundamental organic legal rights.
If the legislature made petit theft a first degree felony punishable by thirty years confinement under section 775.082(3)(b), Florida Statutes, and left the offense of grand theft a third degree felony punishable by five years confinement, petit theft would nevertheless in substance still be a lesser included offense of grand theft because grand theft includes all of the constituent elements of the offense of petit theft plus one or more additional elements relating to value or the character of the goods involved.
There are many unclassified, uncharted, and little understood relationships between *761 particular criminal offenses.[4] Some criminal offenses have a completely independent relationship, some are mutually exclusive by necessity, whether that relationship is expressed by statute or not, some have a lesser-greater relationship, some have a causal relationship and some have dependent relationships. Because the weapon and firearm offenses in question (§ 790.07(1) & (2), Fla. Stat.) by their very definition, require the accomplishment of another underlying felony offense, the weapon and firearm offenses necessarily incorporate within themselves, as one composite element, all of the elements of the underlying felony offense plus an additional multi-faceted element: that while committing or attempting to commit the underlying felony, the perpetrator displays, uses, or threatens the use of a weapon or firearm (or carries a concealed firearm). This makes the weapon or firearm offense always ancillary to, and dependent upon, the underlying felony offense. This relationship caused the problem recognized and addressed, in Redondo v. State, 403 So.2d 954 (Fla. 1981). As was aptly stated in State v. Wheeler, 468 So.2d 978 (Fla. 1985), "a conviction on this charge [a firearms offense conviction under section 790.07(2), Florida Statutes] is parasitically linked to a conviction for the underlying felony." (Emphasis added). For this reason, the common sense rule in Barton that when convictions for both of two offenses cannot stand, the offense subject to lesser punishment should be vacated, can not be mechanically applied when the substantive relationship between the two offenses dictates otherwise. In this case, it is the ancillary or parasitic firearms offense that should be vacated and not the assault offense. Vacating the necessarily underlying (host) offense rather than the ancillary (parasitic) offense, is not logical. If you cannot have an oak tree and mistletoe, you cannot kill the oak tree and save the mistletoe. In other words, when you cannot have both a conviction for an independent (or host) offense and a conviction for a parasitic offense, the evidence of which is dependent on the conviction for the independent offense, you can save the independent offense and vacate the dependent offense but you cannot logically vacate the independent offense and save the dependent offense.
This is a classic aggravated assault case in which a defendant threatens another person with a deadly weapon. The punishment for the misdemeanor threat (assault) (§ 784.011, Fla. Stat.) has already been enhanced to third degree felony level (aggravated assault under section 784.021(1)(a), Florida Statutes) because of the use of a deadly weapon in the making of the threat. Surely the punishment for the same conduct was not intended to be once again enhanced for the same reason to a second degree felony because of section 790.07(2), Florida Statutes. If the legislature intended that result, then it could have simply made aggravated assault with a deadly weapon (§ 784.021(1)(a), Fla. Stat.) punishable as a second degree felony.[5] Under the majority's view of this common factual basis for an aggravated assault charge, the State has the charging choice of either charging the defendant with an aggravated assault under section 784.021(1)(a), Florida Statutes, a third degree felony, OR charging the defendant with the firearms offense under section 790.07(2), Florida Statutes, a second degree felony, OR charging and convicting the defendant for both, letting the trial or appellate court vacate one *762 or the other of the two offenses. It does not appear reasonable to assume that the legislature intended to provide the State such an arbitrary opportunity to make an unequal application of the law. It should be held, as is the stated or unstated basis for the reversals of the weapon or firearm offenses involved in the cases cited above, that the weapon and firearm offenses described in sections 790.07(1) and (2), Florida Statutes, and their underlying offenses are in substance always "the same offense" and this is true whether or not the underlying offense also contains an element relating to the use of a weapon or firearm. Where, as here, the underlying offense requires the use of a weapon or firearm, then the underlying offense and the ancillary offense are obviously "the same offense" and also fall within the exception provided in section 775.021(4)(b)1., Florida Statutes (1988), relating to "offenses which require identical elements of proof." Even when the underlying offense does not require the use of a weapon or firearm, because the underlying felony offense, whatever its elements, is always completely included within the weapon or firearm offense, the underlying felony offense is always a necessarily lesser included offense of the ancillary weapon or firearm offense and, as such, is "the same offense" within constitutional contemplation and also falls within the exception provided in section 775.021(4)(b)3., Florida Statutes (1988), relating to "offenses which are lesser offenses the statutory elements[6] of which are subsumed by the greater offense." Therefore, as to a single factual event, convictions of both the underlying felony offense and an ancillary weapon or firearm offense, under the law prior to Carawan, were prohibited; under Carawan and State v. Smith, 547 So.2d 613 (Fla. 1989) are prohibited; and, under section 775.021(4), Florida Statutes (1988), will continue to be prohibited.
As the sentence in this case was based on a guidelines sentence scoresheet scoring both convictions, not only should the conviction for the ancillary firearms offense (§ 790.07(2), Fla. Stat.) be reversed but the sentence, based on guidelines scoring both offenses, should be vacated and the cause should be remanded for resentencing.
NOTES
[1] § 784.021(1)(a), Fla. Stat. (1987).
[2] § 790.07(2), Fla. Stat. (1987).
[3] The Court wrote:

[S]imply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the double jeopardy clause precludes the imposition in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen [v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)] is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
Where as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the `same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
[4] State v. Smith, 547 So.2d 613 (Fla. 1989).
[5] In Carawan, the court stated:

The double jeopardy issue [under the state constitution] has not been raised in any case in which the legislature clearly, unambiguously and precisely stated an intent to punish the exact offense under separate statutory provisions and we do not reach this question today.
515 So.2d at 164. Similarly, we do not reach any state constitutional issue in this case.
[6] Art. V, § 3(b)(5), Fla. Const.; Florida Rule of Appellate Procedure 9.130(a)(2)(B)(ii).
[1] Although "ancillary" to the underlying "primary" felony, under proper legal analysis as to the substantive nature, character and relationship of criminal offenses, the firearms offense (§ 790.07(2)) necessarily incorporates by reference, all of the elements of the underlying "primary" offense to which the ancillary offense is appended; therefore, strange though it may at first appear, technically, the firearms offense always fully encompasses all of the elements of the underlying felony and, accordingly, analytically, the underlying felony offense is the "lesser" offense all of the elements of which are included in the firearms offense, which, again analytically, is the "greater" offense without regard to the relative punishment that may be directed for violation of each of the compared offenses. Distinguishing "lesser" and "greater" crimes for substantive analytical purposes, by reference to the punishment for each offense, rather than by comparing and contrasting the core elements of each offense, is simply erroneous. Jury verdict alternatives as to greater and lesser offenses should, of course, be submitted to the jury in order, with the greatest punishment first down to that with the least punishment last. This criminal trial practice and procedure problem has nothing to do with comparisons of the substantive nature of two offenses for double jeopardy purposes. As to ordering greater-lesser offenses for jury alternative purposes Ray v. State, 403 So.2d 956 (Fla. 1981) is correct. See Brown v. State, 206 So.2d 377 (Fla. 1968). See also note 46 page 62 in the dissent to Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982). State v. Gibson, 452 So.2d 553 (Fla. 1984) held to the contrary but then Gibson was expressly overruled in Hall v. State, 517 So.2d 678 (Fla. 1988). All of this shows a long running vexatious analysis involving the firearms offense under section 790.07(2), Florida Statutes, commencing long before either Carawan v. State, 515 So.2d 161 (Fla. 1987) or Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and the difficulty of the analysis will not be eliminated or simplified by section 775.021(4)(b), Florida Statutes (1988) because, as explained later in the text of this separate opinion, of exceptions 1. and 3. in that statute. See note 5 herein.
[2] But see contra: Teemer v. State, 531 So.2d 748 (Fla. 5th DCA 1988); Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988).
[3] But see: Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989).
[4] The substantive analysis of the relationship between certain offenses made by Justice Thornal in Brown v. State, 206 So.2d 377 (Fla. 1968) has not yet been surpassed.
[5] As has often been pointed out in the past, the vexatious legal problem in this case, the 68 cases cited above, hundreds of other cases and cases that will be considered in the future could be easily eliminated if the legislature would merely repeal section 790.07 which attempts to make the use of a weapon or firearm in the commission of a felony a separate criminal offense and make the "use of a weapon or firearm" as an aggravating factor to enhance the punishment for the underlying felony. See Bradley v. State, 540 So.2d 185, 186-187 (Fla. 5th DCA 1989); and the separate opinions in Flarity v. State, 527 So.2d 295, 298 (Fla. 5th DCA 1988); Bing v. State, 492 So.2d 833, 836 (Fla. 5th DCA 1986); Gotthardt v. State, 475 So.2d 281, 284 (Fla. 5th DCA 1985); O'Brien v. State, 454 So.2d 675, 679 (Fla. 5th DCA 1984).
[6] It should be noted that by this language the legislature has adopted the concept that a "lesser" offense is one whose elements are all included in a "greater" offense, not that a "lesser" offense is one the punishment is lesser than the punishment for the "greater" offense.